| | |
|---|---|
| 1 | Kenneth H. Brown (CA Bar No. 100396) |
| | Miriam Manning (CA Bar No. 178584) |
| 2 | PACHULSKI STANG ZIEHL & JONES LLP |
| | One Sansome Street, 34th Floor, Suite 3430 |
| 3 | San Francisco, CA 94104 |
| | Telephone: 415/263-7000 |
| 4 | Facsimile: 415/263-7010 |
| 5 | E-mail: kbrown@pszjlaw.com |
| | mmanning@pszjlaw.com |
| 6 | |
| | Counsel for E. Lynn Schoenmann, |
| 7 | Chapter 7 Trustee |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PETER R. FADER<br>*dba* Urchin Capital Partners<br>*dba* Urchin Partners LLC,<br><br>Debtor. | Case No.: 08-30119-DM<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION TO APPROVE COMPROMISE OF ADVERSARY PROCEEDING AGAINST STEVEN R. BOAL AND QUOTIENT TECHNOLOGY PURSUANT TO FRBP 9019**<br><br><u>Hearing Date:</u><br>Date: November 15, 2022<br>Time: 11:30 a.m.<br>Place: Telephonically or by Video<br>Judge: Honorable Dennis Montali |

E. Lynn Schoenmann, the duly appointed trustee ("<u>Trustee</u>") in the chapter 7 estate of Peter R. Fader ("<u>Debtor</u>"), hereby moves (the "<u>Motion</u>") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving the settlement of an adversary proceeding against Steven R. Boal.

This Motion is supported by the accompanying Notice of Hearing, the Memorandum of Points and Authorities, the supporting Declarations of the Trustee and her special counsel, Tyler Meade, and any other pleadings and evidence before the Court at the hearing.

///

///

1

# I.

## BACKGROUND OF THE CASE AND PROPOSED SETTLEMENT OF CLAIMS

1. On or about January 26, 2008, the Debtor filed a voluntary chapter 7 petition in this Court. The Debtor received a discharge and the case was subsequently closed in 2010. On July 14, 2019, the Debtor filed an *Ex Parte Application* to reopen his bankruptcy case to disclose certain oral agreements that had been previously omitted from his bankruptcy schedules and to enable the Trustee to determine whether the claims arising from the breach(es) of those oral agreements constitute property of the bankruptcy estate that can be administered by the Trustee. On September 15, 2019 the Debtor's bankruptcy case was reopened to enable the Trustee to investigate and possibly pursue the claims for the benefit of creditors.

2. The Trustee's investigation revealed that the estate had colorable claims against the Debtor's friend and business partner Steven R. Boal ("Boal") and his company Quotient Technology, Inc. ("Quotient") arising out of the breach of certain pre-petition oral agreements ("Claims"). The Debtor attested that he and Boal entered into oral agreements pursuant to which Boal promised to compensate the Debtor if he raised capital for Boal's two companies, Quotient and CashStar, Inc. ("CashStar"). The Debtor attested that based on these oral agreements, he raised millions of dollars in capital for Quotient and CashStar but when he requested Boal to pay him all of the promised compensation in 2018, Boal refused to do so.

3. Based on these and related allegations, on December 9, 2019, the Trustee filed a complaint in Santa Clara County Superior Court against Boal and Quotient asserting two breach of oral contract claims, two breach of fiduciary duty claims, as well as for claims for imposition of a constructive trust, declaratory relief, and an accounting. The litigation was subsequently removed and referred to the Bankruptcy Court where it is currently pending as Adversary Proceeding No. 20-03007. Quotient was subsequently dismissed as a party to the litigation.

4. Boal has asserted various defenses to the Trustee's claims and disputes any liability to the Trustee.

5. After extensive discovery, the parties participated in mediation in August 2022 and agreed to settle their dispute. The Trustee, Boal and Quotient memorialized their agreement and

entered into a *Settlement Agreement and Release* ("Settlement Agreement"), the essential terms of which are summarized as follows: (i) Boal and/or Quotient shall pay the estate the sum of $5,000,000 (the "Settlement Amount") payable in two equal installments of $2,500,000 with the first installment payment due on the earlier of December 15, 2022 or within 15 days of a final order approving the Settlement Agreement and the second installment due 90 days thereafter ; and (ii) Boal, Quotient and the Trustee, on behalf of the Debtor's estate, shall provide full mutual releases of all claims known and unknown. The releases do not become effective until 91 days after the Trustee receives the last payment which is expected to be made in February or March 2023. The estate also retains the right to rescind the Settlement Agreement if either Quotient or Boal file an insolvency proceeding at any time after entry of a final order approving the Settlement Agreement and 91 days from the last payment.

6. Pursuant to a Litigation Fee Sharing Agreement[1], the Debtor is entitled to receive 40% of the net proceeds of the Settlement Amount and the estate to receive 60%, after payment of all chapter 7 administrative expenses and allowed domestic support obligations identified in 11 U.S.C. §507(a)(1)(A) and (B). At the present time, the Trustee estimates that the Debtor will receive approximately $565,000 from the proposed settlement and that the estate will receive approximately $850,000. These figures are estimates only and the actual amounts may vary depending on the amount of the allowed administrative claims.

7. The Trustee believes the settlement is fair and reasonable, in the best interests of the estate and should be approved. There is no certainty that the Trustee will prevail in the Adversary Proceeding and without the settlement, it is possible creditors will receive nothing as the Claims are the only asset of the estate. The proposed settlement will provide a sum certain - $5,000,000 - to the estate which will be the only source of funds with which to make a distribution to creditors. The settlement will also eliminate the delay associated with protracted litigation and appeal. The settlement will also effectuate a final and global release between the Trustee on behalf of the

---

[1] The Litigation Fee Sharing Agreement was approved by the Bankruptcy Court by way of an order entered on February 6, 2020. See, Dkt 72.

Debtor's estate and Boal and Quotient off all claims, known and unknown.  The Trustee therefore believes that the settlement should be approved.

Dated: October 19, 2022

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Miriam Manning*
Kenneth H. Brown
Miriam Manning
Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee