Kenneth H. Brown (CA Bar No. 100396)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: kbrown@pszjlaw.com
        mmanning@pszjlaw.com

Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No.: 08-30119-DM |
| PETER R. FADER<br>*dba* Urchin Capital Partners<br>*dba* Urchin Partners LLC,<br><br>Debtor. | Chapter 7<br><br>**DECLARATION OF E. LYNN SCHOENMANN IN SUPPORT OF MOTION TO APPROVE COMPROMISE OF ADVERSARY PROCEEDING AGAINST STEVEN R. BOAL AND QUOTIENT TECHNOLOGY PURSUANT TO FRBP 9019**<br><br><u>Hearing Date</u><br>Date: November 15, 2022<br>Time: 11:30 a.m.<br>Place: Telephonically or by Video<br>Judge: Honorable Dennis Montali |

I, E. Lynn Schoenmann, hereby declare as follows:

1.      I am the duly appointed and acting chapter 7 trustee of the estate of Peter R. Fader. I have personal knowledge of the facts set forth herein and, if called as a witness, I would and could competently testify thereto.

2.      I submit this declaration in support of the *Motion to Approve Compromise of Adversary Proceeding against Steven R. Boal and Quotient Technology Pursuant to FRBP 9019* ("<u>Motion</u>") filed concurrently herewith.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## A. Debtor's Reopened Bankruptcy Case

3.     On January 26, 2008, Peter R. Fader (the "<u>Debtor</u>") filed a voluntary chapter 7 petition in this Court.  The Debtor received a discharge and the case was subsequently closed in 2010.  On July 14, 2019, the Debtor filed an ex parte application to reopen his bankruptcy case to disclose certain oral agreements that had been previously omitted from his bankruptcy schedules and to enable a trustee to determine whether the claims arising from the breach(es) of those oral agreements (the "<u>Claims</u>") constitute property of the bankruptcy estate that can be administered by a trustee.

4.     On September 13, 2019, the United States Trustee appointed me as the Chapter 7 trustee of the Debtor's case.  On September 15, 2019 the Debtor's bankruptcy case was reopened to enable me to investigate and possibly pursue the previously omitted claims for the benefit of creditors.

## B. Employment of Contingency Fee Litigation Counsel

5.     The investigation of the Claims revealed that the Claims were colorable.  On November 5, 2019, I sought the retention of litigation counsel at the Meade Firm and Dontzin Nagy & Fleissig LLP (collectively, "<u>Litigation Counsel</u>") pursuant to sections 327(a) and 328 of title 11 of the Bankruptcy Code to pursue the Claims on a contingency fee basis.  The Bankruptcy Court approved their retention application on November 13, 2019.

## C. Litigation Sharing Agreement

6.     The Debtor contended he had rights to the Claims because he alleged that they arose, in part, post-petition.  To resolve any dispute regarding whether the Claims were property of the estate, the Debtor and I entered into a Litigation Recovery Sharing Agreement (the "<u>Sharing Agreement</u>").  The Sharing Agreement  resolved the dispute with the Debtor over the ownership of the Claims and provides the Debtor with 40% of the net proceeds recovered from the prosecution of the Claims, after payment of all allowed chapter 7 administrative expenses and allowed domestic support obligations identified in 11 U.S.C. §507(a)(1)(A) and (B).  The Bankruptcy Court approved the Sharing Agreement on February 6, 2020.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**D. Proofs of Claim Filed in the Debtor's Bankruptcy Case**

7. There are 25 unsecured claims filed in the Debtor's bankruptcy case in the approximate aggregate amount of $5.2M.[1] Of that amount, approximately $309,000 represent pre-petition domestic support obligations under 11 U.S.C. Section 507(a). Pursuant to the Sharing Agreement, allowed domestic support obligation claims will be paid from the proceeds of the proposed settlement of the adversary proceeding (described below), prior to the 40% split with the Debtor.

**E. The Adversary Proceeding and Settlement Thereof**

8. The investigation of the Claims revealed that the estate had colorable claims against the Debtor's friend and business associate, Steven R. Boal ("Boal") and his company Quotient Technology, Inc. ("Quotient") arising out of breaches of the oral agreements. The investigation revealed evidence that prior to 2008, Boal promised to compensate the Debtor if he raised capital for Boal's two companies, Quotient and CashStar, Inc. ("CashStar"). Under the terms of the Quotient agreement, the existence of which Boal disputes, the Debtor contends that Boal agreed that 30% of all stock that was issued by Quotient to Boal was for the benefit of the Debtor and that when Boal sold the stock that 30% of the proceeds would be paid to the Debtor. The arrangement with CashStar was similar except that the Debtor alleges he was promised a 50% interest in the stock that was issued to Boal.

9. The Debtor attested that based on these oral agreements, he raised millions of dollars in capital for Quotient and CashStar but when he requested Boal to pay the promised compensation in 2018—after repeated agreements to extend the time for payment—Boal refused.

10. On December 9, 2019, I caused a complaint to be filed in the Santa Clara County Superior Court against Boal and Quotient alleging claims for breach of oral contracts, breach of fiduciary duties, and for imposition of a constructive trust, declaratory relief, and an accounting. Boal removed the complaint to the Northern District Court and it referred to the Bankruptcy Court where it is currently pending as Adversary Proceeding No. 20-03007.

---

[1] This amount does not include Claims Nos. 22 and 24 filed by Stephen R. Boal in the total amount of $1.4 million, which claims were withdrawn by stipulation with the Trustee dated December 10, 2020 [Dkt. No 88].

11.     Boal disputes the existence of these oral agreements and has asserted various defenses to the claims, including (a) that the statute of limitations for bringing these claims has expired, (b) that the alleged agreements lack consideration and are not sufficiently definite to be enforceable, and (c) that I am judicially estopped from bringing the Claims. Although I believe the Claims have merit, a jury may not agree.

## F.     The Proposed Settlement

12.     On August 24, 2022, Boal, Quotient and I and our respective counsel participated in a full day mediation with the Hon. Rebecca Westerfield (Ret.) at JAMS, San Francisco. The settlement negotiations continued in good faith for approximately one week after the mediation session at which time a settlement, subject to Bankruptcy Court approval, was reached. Boal, Quotient and I entered into a Settlement Agreement and Release ("Settlement Agreement"), a copy of which is attached hereto as **Exhibit A**. The essential terms of the Settlement Agreement are summarized as follows: (i) Boal and/or Quotient shall pay the estate the sum of $5,000,000 (the "Settlement Amount") payable in two equal installments of $2,500,000 with the first installment payment due on the earlier of December 15, 2022 or within 15 days of a final order approving the Settlement Agreement and the second installment due 90 days thereafter ; and (ii) Boal, Quotient and I, on behalf of the Debtor's estate, shall provide full mutual releases of all claims known and unknown. The releases do not become effective until 91 days after I receive the last payment which I expect will be made in February or March 2023. The estate also retains the right to rescind the Settlement Agreement if either Quotient or Boal file an insolvency proceeding at any time after entry of a final order approving the Settlement Agreement and 91 days from the last payment.

13.     Pursuant to the terms of the Sharing Agreement, after payment of all chapter 7 administrative expenses, including fees due to the Litigation Counsel, payment of estate taxes and allowed, domestic support obligations, I estimate that the Debtor will receive approximately $565,000 from the Settlement Amount and general unsecured creditors of the estate will receive approximately $850,000. These amounts are estimates only and the actual distributions to the Debtor and the estate may vary depending the amount of allowed administrative expenses.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

14.     I believe that the settlement is in the best interests of the estate, was entered in good faith and benefits the estate in at least three ways:  (1) it provides for a payment to the estate in the aggregate amount of $5,000,000 and will allow me to make distributions to creditors; (2) it eliminates the risk of getting nothing if we lose at trial; and (3) it eliminates delay from protracted litigation and appeals.  It is not clear who will prevail in this litigation although I believe that the estate has valid breach of contract and breach of fiduciary duty claims against Boal arising out of two oral agreements reached years ago.  Boal disputes the existence of these agreements and contends (a) that the two year statute of limitations has expired, (b) that the alleged agreements lack consideration and are not sufficiently definite to be enforceable, and (c) that I am judicially estopped from bringing the Claims. Unsettled issues of fact and law exist which will yield vastly different outcomes to creditors and the estate depending how they are ultimately determined.  Because there is no certainty that I will prevail in the Adversary Proceeding and without the settlement, there is the possibility of no recovery at all as the Claims are the only asset of the estate.  The proposed settlement will provide a sum certain - $5,000,000 - to the estate which will be the only source of funds with which to make distributions to creditors.   If the settlement is not approved and I do not prevail on the Claims at trial, the estate and its creditors will receive nothing.   I believe the Settlement Agreement should be approved as it is fair and equitable and in the best interests of the estate.

15.     I sought and obtained a prompt hearing date so that the first of the two payments required under the Settlement Agreement can be made by year end which will result in tax benefits to the estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 18th day of October 2022 at Mill Valley, California.

By:     /s/ E. Lynn Schoenmann
        E. Lynn Schoenmann

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1                                      **EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_SF:107043.2 27735/001

6

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made as of the 31st day of August, 2022, by and between E. Lynn Schoenmann, Trustee for the Chapter 7 Bankruptcy Estate of Peter R. Fader (the "Trustee"), Quotient Technology Inc. ("Quotient"), and Steven R. Boal ("Boal"). Each of the aforementioned parties is individually referred to herein as a "Party" and collectively referred to as the "Parties." Quotient and Boal are collectively referred to as the "Defendants" and each individually a "Defendant." The Effective Date of this Agreement is the date described in Section 1 below.

## RECITALS

A.   WHEREAS, on or about January 26, 2008, Fader filed a voluntary chapter 7 petition in the Bankruptcy Court for the Northern District of California ("Bankruptcy Court") as Case No. 08-30119. Fader received a discharge and the case was subsequently closed in 2010. On July 14, 2019, Fader filed an *Ex Parte Application Under Bankruptcy Code Section 350(b) to Reopen a Closed Case* to reopen his bankruptcy case to disclose claims based on alleged oral agreements that had been previously omitted from his bankruptcy schedules and requested the appointment of a trustee to determine whether the claims arising from the breach(es) of those oral agreements constituted property of the bankruptcy estate that could be administered by the trustee.

B.   WHEREAS, on September 13, 2019, the United States Trustee appointed E. Lynn Schoenmann as the Chapter 7 trustee for the bankruptcy estate of Fader. On September 15, 2019, the bankruptcy case was reopened to enable the Trustee to investigate and possibly pursue the previously omitted claims for the benefit of creditors.

Case: 08-30119   Doc# 100-2   Filed: 10/19/22   Entered: 10/19/22 09:32:39   Page 7 of 21

C.    WHEREAS, Boal filed two proofs of claim in Fader's reopened bankruptcy case reflected on the claims register as Claim Nos. 22 and 24 (collectively, the "Proofs of Claim"). The Proofs of Claim were withdrawn by Boal by stipulation with the Trustee dated December 10, 2020 [Dkt. No. 88].

D.    WHEREAS, the Trustee filed a complaint on December 10, 2019 in the Santa Clara County Superior Court against Boal and Quotient, asserting: two claims for breach of an oral contract against Boal; one claim for breach of an oral contract against Quotient; two claims for breach of fiduciary duty against Boal; one claim for breach of fiduciary duty against Quotient; one claim for imposition of a constructive trust against Boal and Quotient; one claim for declaratory relief against Boal and Quotient; and one claim for accounting against Boal and Quotient (collectively, the "Claims").

E.    WHEREAS, Boal and Quotient deny the existence of any such oral contracts and deny the Trustee's allegations in full.

F.    WHEREAS, the litigation was subsequently removed to the District Court for the Northern District of California and then referred to the Bankruptcy Court for the Northern District of California, where it is currently pending as Adversary Proceeding No. 20-03007 ("Adversary Proceeding") before the Honorable Dennis Montali;

G.    WHEREAS, Quotient was subsequently dismissed from the Adversary Proceeding.

H.    WHEREAS, in August 2022, the Trustee, Boal, and Quotient participated in a mediation settlement conference with the Honorable Rebecca Westerfield (Ret.) at JAMS, San Francisco, acting as a mediator at which time they reached an agreement to resolve all disputes between them relating to the Adversary Proceeding.

Case: 08-30119    Doc# 100-2    Filed: 10/19/22    Entered: 10/19/22 09:32:39    Page 8 of 21

I.      WHEREAS, without admitting the validity of the other Party's position or admitting any liability to the other Party, the Parties desire to resolve all disputes between them without further expense and litigation in accordance with the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants of the Parties to be faithfully performed, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**1.      COURT APPROVAL AND BINDING EFFECT:**

This Agreement is subject to and shall not become effective until and unless (i) the Agreement is executed by the Parties and approved by their respective counsel; (ii) an order is entered by the Bankruptcy Court approving all of the terms and conditions set forth in this Agreement, pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Settlement Order"); and (iii) the period for filing an appeal of the Settlement Order has expired without an appeal being filed, or, if an appeal has been filed, the Settlement Order has been affirmed on appeal and the period for further appeal or rehearing has expired.  The date the last of these conditions is satisfied is referred to as the "Effective Date."  In the event there is a conflict between this Section 1 and any other provision of this Agreement, this Section 1 shall govern and control.

**2.      SETTLEMENT PAYMENTS:**

Defendants shall pay to the Trustee the total sum of five million U.S. Dollars ($5,000,000) in the following two installments (each a "Payment," collectively, the "Payments" or "Settlement Amount"):

- First Payment: The sum of two million, five-hundred thousand U.S. Dollars ($2,500,000) to be paid within the earlier of (i) December 15, 2022, provided that

the Effective Date precedes that date by at least five (5) business days, and (ii)

fifteen (15) business days of the Effective Date.

- Second Payment: The sum of two million, five-hundred thousand U.S. Dollars ($2,500,000) received by the Trustee no later than ninety (90) calendar days after the first Payment was initially due.

The Payments shall be made via wire transfer or certified check. No later than five (5) days after the Effective Date, Trustee shall provide a copy of its W-9 or equivalent tax document ("Tax Document") to Defendants. Failure to provide its Tax Document shall extend the due date for the initial payment by an equal amount of time. The Trustee will provide wire instructions separately. The failure by Defendants to make either of the Payments when due shall entitle the Trustee to collect interest at the rate of 10% per annum, from and after five (5) days after the due date of the payment.

**3.     RELEASE DATE:**

The releases provided for in Section 5 below (the "Releases") shall become effective ninety-one (91) calendar days following the date of the last Payment to the Trustee (the "Release Date"), unless a bankruptcy, receivership, or assignment for the benefit of creditors is commenced by or against or with respect to a Defendant, or any of their assets (collectively, an "Insolvency Proceeding") after the Effective Date and prior to ninety-one (91) calendar days following the date of the last Payment to the Trustee.

If an Insolvency Proceeding is commenced after the Effective Date and prior to ninety-one (91) calendar days of the date of the last Payment, the Trustee shall have the option to rescind this Agreement within twenty-one (21) calendar days of receiving notice of the commencement of the Insolvency Proceeding ("the Option"). A Defendant with respect to whom

an Insolvency Proceeding is commenced shall give notice of the Insolvency Proceeding to the Trustee within five (5) days of the commencement thereof pursuant to Section 20. If the Trustee exercises the Option, the Releases shall not become effective and shall be null and void, the Trustee shall return to Defendants any Payments made pursuant to this Agreement within five (5) business days, and the Parties shall proceed with the Adversary Proceeding as though no Agreement had been entered into. The Trustee represents and warrants that she will have the means and ability to return to Defendants any Payments made pursuant to this Agreement if the Trustee elects to exercise the Option. If the Trustee exercises the Option and fails to return to Defendants any Payments made within five (5) business days, Defendants shall be entitled to collect interest from the Trustee at the rate of 10% per annum from that date forward. In the event that the Trustee elects to exercise the Option, neither Boal nor Quotient shall have any liability to the Trustee for the Payments owed under this Agreement, including any liability for interest pursuant to Section 2 above.

If the Trustee does not exercise the Option within twenty-one (21) calendar days upon commencement of the Insolvency Proceeding, the Releases shall become effective, and neither Boal nor Quotient shall have any liability to the Trustee for the Payments owed under this Agreement, including any liability for interest pursuant to Section 2 above.

For the avoidance of doubt, if either Boal or Quotient fail to make a payment and no Insolvency Proceeding has been filed, the terms of the Settlement Agreement shall be fully enforceable by the Trustee and the Releases shall not become effective unless all payments required pursuant to the Settlement Agreement have been paid in full.

Case: 08-30119   Doc# 100-2   Filed: 10/19/22   Entered: 10/19/22 09:32:39   Page 11 of 21

4. **DISMISSAL OF ADVERSARY PROCEEDING AND OTHER PROCEEDING WITH PREJUDICE:**

On the Release Date, the Trustee shall dismiss the Adversary Proceeding with prejudice and shall dismiss the action titled *Schoenmann v. Boal, et al.*, 20-cv-00196 (N.D. Cal.) ("District Court Proceeding"), which is currently pending before the Honorable Charles Breyer, with prejudice.

5. **PARTIES' MUTUAL RELEASES:**

On the Release Date, for and in consideration of the covenants herein, and for other good and valuable consideration, the Trustee on her own behalf, and on behalf of Fader's bankruptcy estate and any other parties claiming through or on behalf of the Trustee or Fader's bankruptcy estate (collectively, the "Trustee Releasors") releases and forever discharges and waives all claims the Trustee Releasors may have or may have had against Boal and/or Quotient, and all of Boal and/or Quotient's present and former affiliates, predecessors, successors, assigns, shareholders, trustees, partners, agents, counsel, insurers, indemnitors, executors, administrators, and representatives (collectively, the "Defendants' Releasees") from any and all actions and causes of action, claims, obligations, demands, rights, set-offs, liabilities, suits, damages, costs, attorneys' fees, expenses, debts, dues, accounts, bonds, covenants, contracts, and agreements whatsoever, in law or in equity, past, present or future, whether the same are now known or unknown, accrued or unaccrued, contingent or non-contingent which the Trustee Releasors in any way have, might have, or could claim to have against the Defendants' Releasees related to the Claims.

On the Release Date, for and in consideration of the covenants herein, and for other good and valuable consideration, Boal and Quotient, as well as their respective present and former affiliates, predecessors, successors, assigns, trustees, partners, agents, counsel, executors,

Case: 08-30119    Doc# 100-2    Filed: 10/19/22    Entered: 10/19/22 09:32:39    Page 12 of 21

administrators, and representatives (collectively, the "Defendants' Releasors"), release and

forever discharge the Trustee on her own behalf, and on behalf of Fader's bankruptcy estate and

any other parties claiming through or on behalf of the Trustee or Peter R. Fader's bankruptcy

estate (collectively, the "Trustee Releasees") from any and all actions and causes of action,

claims, obligations, demands, rights, set-offs, liabilities, suits, damages, costs, attorneys' fees,

expenses, debts, dues, accounts, bonds, covenants, contracts, and agreements whatsoever, in law

or in equity, past, present or future, whether the same are now known or unknown, accrued or

unaccrued, contingent or non-contingent which the Defendants' Releasors in any way have,

might have, or could claim to have against the Trustee Releasees related to the Claims.

For the avoidance of doubt, the Proofs of Claim filed by Boal are deemed automatically

withdrawn, with prejudice.

Upon the Release Date, the Parties intend that this Agreement, including this Section 5,

effect the broadest possible general release of any and all claims or causes of action related to the

Claims, whether known or unknown. The Parties expressly waive any and all rights that any of

them may have under any applicable statute, doctrine or principle of law restricting the right of

any Party to release claims that such Party does not know or suspect to exist at the time of

executing this release, which claims, if known, may have materially affected such Party's

decision to give such release. In connection with such waiver and relinquishment, the Parties

acknowledge that they are aware that they may hereafter discover claims currently unknown or

unsuspected, or facts in addition to or different from those that they now know or believe to be

true, with respect to the matters released herein. Nevertheless, it is the joint intention of the

Parties that this Agreement shall settle each and every claim, dispute and controversy, known or

Case: 08-30119    Doc# 100-2    Filed: 10/19/22    Entered: 10/19/22 09:32:39    Page 13
of 21

unknown, fixed or contingent that the Parties have or may have against any or all of the other

settling Parties in relation to the Claims.

Upon the Release Date, each Party expressly waives and relinquishes any and all rights

that he, she, or it may have under California Civil Code § 1542, which reads as follows:

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

## 6. REPRESENTATION OF NO OTHER CLAIMS:

The Trustee Releasors hereby represent and warrant that, other than the proceedings

settled pursuant to this Agreement, they have not filed, and do not intend to file, any complaint,

charge or claim, or otherwise commence any action, suit or proceeding, against any of the

Defendants' Releasees arising out of or related to the Claims in any court of law or equity,

arbitration tribunal or administrative, regulatory or disciplinary agency, body or entity.

The Defendants' Releasors hereby represent and warrant that they have not filed, and do

not intend to file, any complaint, charge or claim, or otherwise commence any action, suit or

proceeding, against any of the Trustee Releasees arising out of or related to the Claims in any

court of law or equity, arbitration tribunal or administrative, regulatory or disciplinary agency,

body or entity.

## 7. COVENANT NOT TO SUE:

The Parties further agree not to institute any new action — legal, administrative,

arbitration or otherwise — asserting any claim or cause of action arising out of or related to the

Claims released in Section 5 above.  If a Party does so, and the action is found to be barred in

whole or in part by this Agreement, then that Party shall be liable to pay the attorneys' fees and

Case: 08-30119    Doc# 100-2    Filed: 10/19/22    Entered: 10/19/22 09:32:39    Page 14 of 21

costs, or the proportions thereof, incurred by the released parties in defending against the claim(s) which are barred by this Agreement.

## 8.      COMPROMISE OF DISPUTED CLAIMS:

This Agreement is made in compromise of the Claims in the Adversary Proceeding and District Court Proceeding.  Neither this Agreement nor the Payment made under this Agreement shall constitute or be construed as an admission of wrongdoing or as an admission as to any factual or legal issue.  No Party is to be considered to have been or to be the "prevailing" or "successful" party within the meaning of any statute, rule, law, or agreement.

## 9.      ACKNOWLEDGEMENTS AND REPRESENTATIONS:

Each Party acknowledges, represents and warrants: (a) that he/she/it has carefully reviewed this Agreement, that he/she/it has entered into this Agreement freely and voluntarily and without reliance on any promises not expressly contained herein, that he/she/it has been afforded an adequate time to review carefully the terms hereof, and that this Agreement shall not be deemed void or voidable by claims of duress, deception, mistake of fact or otherwise; (b) that he/she/it has consulted with counsel of his/her/its choice in connection with this Agreement; (c) that he/she/it has not assigned any claim or right, or interest therein, against any released party to any other person or party; and (d) that the signatories to this Agreement are duly authorized and have the power and authority to bind the Parties they represent, their respective releasors (as defined above) and to consummate this settlement and the transactions contemplated hereby.

## 10.     JURISDICTION AND VENUE:

Any controversies between the Parties regarding this Agreement shall be resolved in the Bankruptcy Court.  Any action related to, based upon, or arising from a breach of this Agreement

shall be brought only in the Bankruptcy Court, which shall retain jurisdiction over the subject matter and parties for this purpose.

**11.    APPLICABLE LAW:**

This Agreement shall be interpreted, enforced and governed in accordance with the laws of California, without regard to its rules regarding choice of law principles, except insofar as it is subject to and governed by provisions of the United States Bankruptcy Code.

**12.    ENFORCEMENT OF THIS AGREEMENT AND CONFIDENTIALITY:**

The terms and facts of this settlement shall remain confidential for all purposes and shall not be used in any other proceeding or legal action except as required by law.  This confidentiality provision shall not be interpreted to prohibit or interfere with actions reasonably required for the Trustee to properly discharge her duties, such as providing notice to creditors and obtaining Bankruptcy Court approval of the Agreement.  The motion to approve this Agreement will disclose the essential terms of this Agreement, including a copy of the Agreement, and not be filed under seal.  Notwithstanding this provision or any provisions of Evidence Code §§ 1115-1128, this Agreement may be submitted in Court to enforce its terms.

**13.    FEES AND COSTS:**

Each Party shall be responsible for his/her/its own attorneys' fees and costs.  No Party shall have any withholding obligations with respect to any other Party, and no taxes shall be withheld.

**14.    AGREEMENT MAY BE SIGNED IN COUNTERPARTS:**

This Agreement may be executed in one or more counterparts (which may be transmitted via facsimile or email), each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

**15. SEVERABILITY:**

The invalidity of any provision of this Agreement shall not affect the validity of any other provision. All invalid provisions shall be severed.

**16. NO THIRD-PARTY BENEFICIARIES:**

Nothing contained in this Agreement, express or implied, is intended to confer upon any person, other than the settling Parties, any benefit, right, or remedy.

**17. BINDING EFFECT OF AGREEMENT:**

This Agreement shall be binding upon, and inure to the benefit of the Parties and their heirs, executors, administrators, representatives, successors, assigns, employees, officers, directors, shareholders and agents.

**18. INTERPRETATION:**

Section headings used herein are inserted for convenience only and are not substantive terms of the Agreement. The language of all parts of this Agreement shall in all cases be construed according to its fair meaning and not for or against any of the Parties. The Parties acknowledge that this document is the product of mutual negotiation and that in the event of a dispute as to the meaning of this Agreement, there shall be no presumption against the drafter of the document with respect to any provision herein.

**19. ENTIRE AGREEMENT:**

This Agreement embodies the full, entire and sole agreement of the Parties with respect to the Claims and nullifies and supersedes any prior agreements between the Parties. No modifications to this Agreement shall be of any force or effect unless in writing and signed by the Parties affected by such modification.

Case: 08-30119    Doc# 100-2    Filed: 10/19/22    Entered: 10/19/22 09:32:39    Page 17 of 21

20.    **NOTICE:**

Notices contemplated by this Agreement, including notice of an Insolvency Proceeding and notice of rescission, shall be addressed as follows and delivered via email with a copy sent by overnight mail, and shall be deemed received on the date of the email:

If to Defendants:

>    Elliot Peters
>        *EPeters@keker.com*
>    Brook Dooley
>        *BDooley@keker.com*
>    Keker, Van Nest & Peters LLP
>    633 Battery Street
>    San Francisco, CA  94111-1809
>    415-391-5400

And to:

>    Matt Caplan
>        *mcaplan@cooley.com*
>    Cooley LLP
>    3 Embarcadero Center • 20th Floor
>    San Francisco, CA  94111-4004
>    415-693-2164

If to the Trustee:

>    Kenneth Brown
>        *kbrown@pszjlaw.com*
>    Pachulski Stang Ziehl & Jones LLP
>    One Sansome Street, Suite 3430
>    San Francisco, CA  94104
>    415-263-7000

And to:

>    Tyler Meade
>        *tyler@meadefirm.com*
>    The Meade Firm p.c.
>    12 Funston Ave., Suite A
>    San Francisco, CA  94129
>    415-724-9600

Case: 08-30119    Doc# 100-2    Filed: 10/19/22    Entered: 10/19/22 09:32:39    Page 18 of 21

The undersigned, INTENDING TO BE LEGALLY BOUND, hereby apply their signatures voluntarily and with full understanding of the contents of this Agreement.

**THE TRUSTEE**

Dated: 10/17/22

E. Lynn Schoenmann, Trustee for the Chapter 7 Bankruptcy Estate of Peter R. Fader

Approved as to form by Counsel for Trustee:

Dated: 10/14/22

Tyler Meade, Esq.
The Meade Firm p.c.

*Attorneys for E. Lynn Schoenmann, Trustee for the Chapter 7 Bankruptcy Estate of Peter R. Fader*

| **STEVEN R. BOAL** | **QUOTIENT TECHNOLOGY INC.** |
|---|---|
| Dated: | Dated: |
| | |
| Steven R. Boal | Connie Chen (General Counsel of Quotient Technology Inc.) |
| Approved as to form by Counsel for Boal: | Approved as to form by Counsel for Quotient: |
| Dated: | Dated: |
| | |
| Brook Dooley, Esq.<br>Keker, Van Nest & Peters LLP | Matthew Caplan, Esq.<br>Cooley LLP |
| *Attorney for Steven R. Boal* | *Attorney for Quotient Technology Inc.* |

Page 13 of 13

The undersigned, INTENDING TO BE LEGALLY BOUND, hereby apply their signatures voluntarily and with full understanding of the contents of this Agreement.

**THE TRUSTEE**

Dated:

_____
E. Lynn Schoenmann, Trustee for the Chapter 7 Bankruptcy Estate of Peter R. Fader

Approved as to form by Counsel for Trustee:

Dated:

_____
Tyler Meade, Esq.
The Meade Firm p.c.

*Attorneys for E. Lynn Schoenmann, Trustee for the Chapter 7 Bankruptcy Estate of Peter R. Fader*

| **STEVEN R. BOAL** | **QUOTIENT TECHNOLOGY INC.** |
|---|---|
| Dated: | Dated: |
| _____ | _____ |
| Steven R. Boal | Connie Chen (General Counsel of Quotient Technology Inc.) |
| Approved as to form by Counsel for Boal: | Approved as to form by Counsel for Quotient: |
| Dated: | Dated: |
| _____ | _____ |
| Brook Dooley, Esq. | Matthew Caplan, Esq. |
| Keker, Van Nest & Peters LLP | Cooley LLP |
| *Attorney for Steven R. Boal* | *Attorney for Quotient Technology Inc.* |

The undersigned, INTENDING TO BE LEGALLY BOUND, hereby apply their signatures voluntarily and with full understanding of the contents of this Agreement.

**THE TRUSTEE**

Dated:

_____

E. Lynn Schoenmann, Trustee for the Chapter 7 Bankruptcy Estate of Peter R. Fader

Approved as to form by Counsel for Trustee:

Dated:

_____

Tyler Meade, Esq.
The Meade Firm p.c.

*Attorneys for E. Lynn Schoenmann, Trustee for the Chapter 7 Bankruptcy Estate of Peter R. Fader*

| | |
|---|---|
| **STEVEN R. BOAL** | **QUOTIENT TECHNOLOGY INC.** |
| Dated: | Dated: October 17, 2022 |
| | *Connie Chen* |
| _____ | _____ |
| Steven R. Boal | Connie Chen (General Counsel of Quotient Technology Inc.) |
| Approved as to form by Counsel for Boal: | Approved as to form by Counsel for Quotient: |
| Dated: | Dated: 10/17/22 |
| _____ | _____ |
| Brook Dooley, Esq. | Matthew Caplan, Esq. |
| Keker, Van Nest & Peters LLP | Cooley LLP |
| *Attorney for Steven R. Boal* | *Attorney for Quotient Technology Inc.* |