Kenneth H. Brown (CA Bar No. 100396)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: kbrown@pszjlaw.com
mmanning@pszjlaw.com

Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PETER R. FADER<br>*dba* Urchin Capital Partners<br>*dba* Urchin Partners LLC,<br><br>Debtor. | Case No.: 08-30119-DM<br><br>Chapter 7<br><br>**TRUSTEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER AUTHORIZING PAYMENT OF ESTATE'S POST-PETITION TAX OBLIGATIONS**<br><br><u>Hearing Date</u><br>Date: November 15, 2022<br>Time: 11:30 a.m.<br>Place: Courtcall/Videoconference<br>Judge: Honorable Dennis Montali |

E. Lynn Schoenmann, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "<u>Trustee</u>"), submits this Memorandum of Points and Authorities in support of the *Chapter 7 Trustee's Motion for Order Authorizing Payment of Estate's Post-Petition Tax Obligations* (the "<u>Motion</u>") filed concurrently herewith.

## I.

## **JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. The motion constitutes a core proceeding in

accordance with 28 U.S.C. §§ 157(b)(2)(A) and (B). The statutory predicate for the relief sought herein is 11 U.S.C. § 503(b)(1)(B)[1].

## II.

## BACKGROUND

On January 26, 2008, the Debtor filed a voluntary chapter 7 petition in this Court. The Debtor received a discharge and the case was subsequently closed in 2010. On July 14, 2019, the Debtor filed an application to reopen his bankruptcy case to disclose claims based on oral agreements previously omitted from his bankruptcy schedules ("Claims") and to enable the Trustee to determine whether the Claims constitute property of the estate that could be prosecuted by the Trustee.

On September 13, 2019, the United States Trustee appointed E. Lynn Schoenmann as the Chapter 7 trustee.

On September 15, 2019 the Debtor's bankruptcy case was reopened to enable the Trustee to investigate and possibly pursue the Claims for the benefit of the estate and its creditors.

On October 19, 2022, the Trustee filed a *Motion to Approve Compromise of Adversary Proceeding Against Steven R. Boal and Quotient Technology Pursuant to FRBP 9019* which seeks Bankruptcy Court approval to settle the Claims for the sum of $5,000,000 ("Settlement Amount") payable in two installments of $2,500,000 each. Upon the estate's receipt of each $2,500,000 installment, the estate will incur tax obligations to the United States Treasury and California Franchise Tax Board.

The Trustee's accountant, Jay Crom of Bachecki, Crom & Co., LLP ("Crom") has calculated the estate's estimated income tax obligations arising from the estate's receipt of the Settlement Amount. The actual amount of taxes depends on variables such as the amount of deductible expenses paid in each tax year and the taxes due could be impacted by changes in tax law and other factors. Crom estimates estate's taxes will not exceed the following amounts:

    a.    $345,000 payable in 2022 and $265,000 payable in 2023 to the United States Treasury; and

---

[1] Unless otherwise specified, statutory references are to the Bankruptcy Code.

b. $128,000 payable in 2022 and $106,000 payable in 2023 to the California Franchise Tax Board.

If these tax obligations are not timely paid, the estate may incur penalties and interest.

## III.

## STATEMENT OF ISSUES TO BE DECIDED

The issue to be decided in this Motion is whether the Trustee may pay the estate's tax obligations arising from the estate's post-petition receipt of the Settlement Amount as administrative expenses under section 503(b)(1)(B).

## IV.

## THE RELIEF SOUGHT SHOULD BE GRANTED

The estate's post-petition tax obligations are allowable administrative expenses. Section 503(b)(1)(B) provides that "After notice and a hearing, there shall be allowed administrative expenses…any tax…incurred by the estate." The Trustee seeks authority to pay the estate's post-petition tax liability owing to the United States Treasury and the California Franchise Tax Board as administrative expenses arising from the settlement of the estate's Claims for the sum of $5,000,000. Because the $5,000,000 Settlement Amount is expected to be paid in two equal installments of $2,500,000 in 2022 and 2023, the payments to the estate will give rise tax obligations owing to the United States Treasury in the aggregate amount of $610,000 for the 2022 and 2023 tax years and the aggregate amount of $234,000 owing to the Franchise Tax Board for the 2022 and 2023 tax years. The estate's tax obligations arising from the settlement of the Claims will occur during the post-petition period, are valid administrative expenses pursuant to 11 U.S.C. Section 503(b)(1)(B) and should be paid in the 2022 and 2023 tax years in order to avoid any late fees or penalties.

Notice of this Motion has been provided to all creditors on the matrix, the United States Trustee, the Debtor and all parties who have requested special notice pursuant to Bankruptcy Rule 2002. The Trustee submits that notice of this Motion is proper and in accordance with *In re Cloobeck,* 788 F.3d 1243, 1245-46 (9th Cir. 2015) ("section 503(b)'s plain language and use of the phrase "after notice and a hearing" require notice before a trustee can pay administrative tax

liabilities"). No prior motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Motion be granted and for such other and further relief as the Court deems necessary and proper.

Dated: October 21, 2022

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Miriam Manning*
Kenneth H. Brown
Miriam Manning
Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee