Kenneth H. Brown (CA Bar No. 100396)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: kbrown@pszjlaw.com
mmanning@pszjlaw.com

Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PETER R. FADER<br>dba Urchin Capital Partners<br>dba Urchin Partners LLC,<br><br>Debtor. | Case No.: 08-30119-DM<br><br>Chapter 7<br><br>**PACHULSKI STANG ZIEHL & JONES LLP'S REPLY TO JOHN GADDY'S OBJECTION TO FIRST INTERIM FEE APPLICATION**<br><br>Hearing Date:<br><br>Date: February 3, 2023<br>Time: 10:30 AM<br>Place: Courtcall/Videoconference<br>Judge: Honorable Dennis Montali |

Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") herein replies to creditor John Gaddy's Objection ("**Objection**") to PSZJ's *First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 16, 2019 through November 28, 2022* filed on January 11, 2023 ("**Application**")[1].

///

///

///

---

[1] Capitalized terms not defined herein shall have the same meaning ascribe to them in the Application or in the *Notice of Hearing on the First Interim Applications of (I) E. Lynn Schoenmann, Chapter 7 Trustee (2) Pachulski Stang Ziehl & Jones LLP, Counsel to the Trustee, and (3) Bachecki Crom & Company, Accountants to the Trustee* ("**Notice**").

# I.

# INTRODUCTION

Creditor John Gaddy ("**Gaddy**") seeks to reduce PSZJ's fees by nearly 35% based on unsupported allegations of wrongdoing by the Trustee's counsel and PSZJ's purportedly 'extremely excessive' hourly rates. Mr. Gaddy is the only party who has filed an objection to the Application and who, for reasons that are not entirely clear, relies on rates charged in non-bankruptcy matters from over twenty years ago as his benchmark for what PSZJ's rates should be in this case. The United States Trustee who is familiar with the rates charged by bankruptcy counsel in this district did not file an objection to the Application or to any of the fee applications filed in this case.

Mr. Gaddy has not articulated a legitimate basis for a rate reduction.

# II.

# FEES REQUESTED BY PSZJ ARE REASONABLE AND SHOULD BE AWARDED

The fees sought by PSZJ are reasonable and necessary and should be approved as requested. PSZJ is a premier national insolvency firm (*see* https://www.pszjlaw.com/about-presence.html) and commonly obtains approval for its regular rate structure irrespective of the jurisdiction. *See*, *e.g.*, *In re Easterday Ranches, Inc.*, Case No. 21-00141 (Bankr. E.D. Wash. Feb. 1, 2021) (PSZJ employment approved at standard hourly rates); *In re Carbonlite Holdings LLC*, Case No. 21-10527 (Bankr. D. Del. Mar. 8, 2021) (same); *In re Spherature Investments LLC*, Case No. 20-42492 (Bankr. E.D. Tex. March 15, 2021) (same); *In re Rancher's Legacy Meat Co.*, Case No. 19-32928 (Bankr. D. Minn. December 23, 2020 (same); *In re SD-Charlotte, LLC*, Case No. 20-30149 (Bankr. W.D.N.C. October 1, 2020) (same); *In re It's Sugar FL I LLC*, Case No. 20-20259 (Bankr. S.D. Fla. June 21, 2021) (same). With ten fellows of the American College of Bankruptcy in its ranks, for example, and countless accolades achieved by virtually all of its members, PSZJ has a different profile than most law firms, not to mention most insolvency firms.

PSZJ's rates were disclosed early in this case when PSZJ filed its employment application on September 19, 2019. [Docket No. 47]. No objections were asserted to PSZJ's retention and the Court approved the retention on September 26, 2019. [Docket No. 50].

In the Northern and Central District of California, PSZJ has filed fee applications for its services, including litigation, in at least 23 cases over the last eight years. PSZJ has one set of standard hourly rates for its professionals that it applies to all matters. In most of these cases PSZJ's standard hourly rates were approved and applied by the Court. Where caps, discounts or blended rates were applied, that has been footnoted. The chart below sets forth the case number and name of each case, the presiding judge, the date of the most recent fee application filed by PSZJ in each case, the page number in each such application setting forth PSZJ's rate schedule, and the docket number of the order approving an award based on those rates, on either an interim or final basis:

| Case Name N.D. Cal | Case No. | Judge | PSZJ Latest Fee App | Fee App. Page No. With Rates | Order Approving PSZJ Latest Fee App |
|---|---|---|---|---|---|
| Watsonville Hospital | 21-51477 | Hon. M. Elaine Hammond | 10/24/22 Dkt 816 | 154 | 12/05/22 Dkt. 873 |
| Professional Fin. Investors [2] | 20-30604 | Hon. Hannah L. Blumenstiel | 01/20/22 Dkt. 1083 | 55 | 04/04/22 Dkt. 1372 |
| Imperial Toy | 19-52335 | Hon. M. Elaine Hammond | 03/18/20 Dkt. 216 | 12 | 04/17/20 Dkt. 237 |
| Munchery Inc.[3] | 19-30232 | Hon. Hannah L. Blumenstiel | 09/22/20 Dkt. 404 | 16 | 10/13/20 Dkt 412 |
| Home Loan Center | 19-51455 | Hon. M. Elaine Hammond | 01/31/20 Dkt. 140 | 19 | 12/30/20 Dkt. 289 |
| Cross Channel, Inc. | 18-31182 | Hon. Hannah L. Blumenstiel | 12/08/20 Dkt. 35 | Exhibit A, 1 | 03/04/21 Dkt. 44 |
| Sedgwick LLP | 18-31087 | Hon. Hannah L. Blumenstiel | 04/09/20 Dkt 377 | 18 | 04/30/20 Dkt. 389 |
| Mariya Sergeevna Ruchka | 18-30002 | Hon. Dennis Montali | 05/20/20 Dkt. 185 | Exhibit A, 1 | 06/26/20 Dkt. 193 |
| New Zoom | 15-31141 | Hon. Hannah L. Blumenstiel | 01/02/16 Dkt. 320 | 14 | 03/11/16 Dkt. 341 |
| Rdio, Inc.[4] | 15-31430 | Hon. Dennis Montali | 10/27/16 Dkt. 444 | 17 | 11/15/15 Dkt. 458 |
| Waukeen Quandrico McCoy | 14-30381 | Hon. Hannah L. Blumenstiel | 07/25/17 Dkt 520 | Exhibit A, 1 | 10/10/17 Dkt. 530 |

---

[2] Customary rates were discounted by 10% in this committee representation as most of the creditors were victims of a Ponzi scheme.

[3] Blended rates were used in lieu of standard hourly rates.

[4] Blended rates were used in lieu of standard hourly rates.

| Case Name C.D. Cal. | Case No. | Judge | PSZJ Latest Fee App | Fee App. Page No. With Rates | Order Approving PSZJ Latest Fee App |
|---|---|---|---|---|---|
| Hytera Communications | 20-11507 | Hon. Erithe A. Smith | 04/07/22 Dkt. 724 | 467 | 06/25/22 Dkt. 764 |
| Bridgemark Corp. | 20-10143 | Hon. Theodor Albert | 09/17/21 Dkt. 584 | 159 | 10/15/21 Dkt. 619 |
| Yueting Jia[5] | 19-24804 | Hon. Vincent P. Zurzolo | 07/16/20 Dkt. 832 | 41 | 08/11/20 Dkt. 874 |
| HVI Cat Canyon | 19-32857[6] | Hon. Harlin D. Hale | 11/13/20 Dkt. 1453 | 19 | 12/14/20 Dkt. 1514 |
| Verity Health System[7] | 18-20151 | Hon. Ernest M. Robles | 11/03/20 Dkt. 6203 | 216 | 12/16/20 Dkt. 6328 |
| B&B Liquidating[8] | 18-11744 | Hon. Neil W. Bason | 11/20/18 Dkt. 256 | 107 | 12/12/18 Dkt. 272 |
| Cloudbreak Entertainment | 15-28443 | Hon. Neil W. Bason | 08/30/16 Dkt. 113 | 72 | 12/08/16 Dkt. 180 |
| Freedom Communications | 15-15311 | Hon. Mark Wallace | 05/16/16 Dkt. 622 | Exhibit A, 2-3 | 06/13/16 Dkt. 680 |
| Woodforest Square | 14-12682 | Hon. Maureen Tighe | 07/01/15 Dkt. 216 | 31 | 08/03/15 Dkt. 227 |
| S.B. Restaurant Co.[9] | 14-13778 | Hon. Erithe Smith | 01/15/16 Dkt. 582 | 161 | 02/17/16 Dkt. 609 |
| KSL Media, Inc | 13-15929 | Hon. Martin R. Barash | 09/14/16 Dkt. 2320 | 39 | 10/27/16 Dkt. 2420 |
| Estate Financial, Inc. | 08-11457 | Hon. Peter Carroll | 01/20/16 Dkt. 3591 | 29 | 03/14/16 Dkt. 3633 |

Public policy favors permitting parties to retain professionals of their choice. *In re Christ's Church of Golden Rule*, 157 F.2d 910, 911(9th Cir. 1946) ("'The relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they may work together harmoniously. Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel . . .'") (quoting *In re Mandell*, 69 F.2d 830, 831 (2d Cir.1934)); *Smith v. Geltzer*, 507 F.3d 64, 71 (2d Cir. 2007) (bankruptcy court should interfere with the trustee's choice of counsel "'[o]nly in the rarest cases,'" such as when the proposed attorney has a conflict of interest, or when it is clear that "'the best interest of the estate'" would not be served by the trustee's choice) (quoting *Mandell*); 3 COLLIER ON BANKRUPTCY ¶ 327.04 (Alan W. Resnick & Harry J. Sommer eds., 16th ed.) (in the absence of a legitimate or material conflict of interest, "failure to

---

[5] Customary rates were discounted by 10% in this representation.
[6] Venue for this case was subsequently transferred to the Southern District of New York.
[7] Customary rates were discounted by 15% in light of the debtors' non-profit status.
[8] Blended rates were used in lieu of standard hourly rates.
[9] Blended rates were used in lieu of standard hourly rates.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_SF:108419.4 77354/001

approve the trustee's selection [of counsel] in the absence of good reason has been called an abuse of judicial discretion"); *In re Malhotra*, No. 2:16-bk-02608-DPC, 2016 Bankr. LEXIS 2521, *8 (Bankr. D. Ariz. July 7, 2016) (same, citing *Christ's Church*, *Mandell* and *Collier's*); *In re Shore*, No. 03-43072, 2004 Bankr. LEXIS 1432, at *11 (Bankr. D. Kan. May 14, 2004) ("a debtor's choice of counsel is entitled to great deference").

Mr. Gaddy has offered no evidence or reason for reducing PSZJ's previously approved standard hourly rates. To do so would effectively deny the Trustee the ability to retain PSZJ in future chapter 7 cases.

The compensation requested is reasonable and appropriate in light of the nature, extent, and value of such services to the Trustee which culminated in the settlement of decades old claims based on oral agreements for $5 million dollars. PSZJ also wrote off approximately $11,069.00 in fees. As noted in the Application, PSZJ had significant risk of non-payment for its services in this case and its payment was entirely contingent on the estate's recovery on the Claims. The terms of PSZJ's retention was a contingent right to get paid capped at its hourly rates. The Claims were the only asset of the estate and were based on decades old oral agreements. The credibility and veracity of the Trustee's key witness, the Debtor, was challenged and the parties against whom the Claims were asserted had numerous defenses to the Claims which had the potential of diminishing or eliminating the Trustee's ability to recover anything.

For these reasons, the Objection should be overruled and the fees and expenses sought by PSZJ should be approved.

### III.

### ALLEGATIONS OF WRONGDOING ARE FALSE

Mr. Gaddy falsely accuses the Trustee's professionals of engaging in 'price fixing'. On page 5 of the Objection Mr. Gaddy states, "The 4 lawyers in this case are price fixing the standard contingency fee agreement against the unsecured creditors" (Objection, pg 5). While parties appearing without counsel are sometimes given deference due to their unfamiliarity with the practice of law, Mr. Gaddy admits to holding a law license (Objection, pg. 12 "I have been a member of the California bar since 1977"). He should therefore be held to a higher standard of conduct.

In any event, there is no evidence to support the accusation of 'price fixing'. The Trustee's special litigation counsel - Meade Firm P.C. and Dontzin Nagy & Fleissig LLP – were retained on a contingency fee basis which was approved by the Court. [Docket No. 53]. PSZJ's retention was approved on an hourly basis and it has not sought reimbursement of its fees in excess of its normal hourly rates or agreed to share any fees that may be awarded to it. (Application, pgs. 10 and 13).

None of the Trustee's professionals engaged in conspiratorial conduct to deprive creditors of a distribution. As noted above, the Trustee's professionals undertook this representation knowing that the risk of non-payment of their fees would be high considering the potential defenses and other challenges that the Claims presented.

Lastly, the Objection suggests that PSZJ improperly attempted to conceal the contents of the Fee Applications from Mr. Gaddy. Rule 2002(a)(6) of the Federal Rules of Bankruptcy Procedure requires 21 days' notice to all creditors of "*a hearing* on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000[.]" Fed. R. Bankr. P. 2002(a)(6) (emphasis added). There is no requirement that the application be served on every creditor on the matrix. Further, Rule 2002(c)(2) only requires that a "notice of a hearing on an application for compensation or reimbursement of expenses required by subdivision (a)(6) of this rule shall identify the applicant and the amounts requested." Fed. R. Bankr. P. 2002(c)(6). PSZJ complied with these requirements as evidenced by the contents of the Notice.

Mr. Gaddy admits that he received the Notice and in fact, most of its contents were repeated verbatim in the Objection. (*See*, Objection pgs. 3 and 4). PSZJ also provided copies of the Fee Applications to Mr. Gaddy on January 18, 2023 promptly after he requested them. There was no attempt to conceal information from Mr. Gaddy.

///
///
///
///
///
///

Accordingly, PSZJ submits that the Objection should be overruled in its entirety and the fees and expense reimbursements requested in the Application be approved.

Respectfully Submitted,

Dated: February 1, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Miriam Manning*
Kenneth H. Brown
Miriam Manning
Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee