WILLIAM F. ABBOTT
4790 Geary Boulevard
San Francisco, California 94118
Telephone: (415) 863-9337
Facsimile: (415) 386-5511
Email: billabbott@earthlink.net

Attorney for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: PETER R. FADER dba Urchin Capital Partners, dba Urchin Partners,<br><br>Debtor. | Case No. 08-30119 DM<br><br>CHAPTER 7<br><br>DATE: June 9, 2023<br>TIME: 10:30 a.m.<br>PLACE: 450 Golden Gate Ave.<br>San Francisco, CA<br>Courtroom 16<br>Judge Dennis Montali |

**MOTIONS OF WILLIAM F. ABBOTT FOR
(1) ORDER FOR PAYMENT OF ATTORNEY'S FEES &
(2) ORDER RELIEVING ATTORNEY FROM FURTHER REPRESENTATION**

COMES NOW William F. Abbott ("Attorney" or "Moving Party"), nominal Attorney for the Debtor herein, and moves this Honorable Court for Orders (1) that the Trustee pay, from the funds due to the Debtor from the proceeds of the Boal Adversary Proceeding, the balance of $27,000 due to Moving Party's fees from representing Debtor in two Adversary Proceedings, and (2) Relieving Attorney of any further duties herein.

The Motions are based on the facts stated in the Declaration of William F. Abbott and Memorandum of Points & Authorities served and filed herewith served and filed herewith, on the files and records herein and in the three Adversary Proceeding filed in this Bankruptcy, and on such oral, documentary and physical evidence as should be

Case: 08-30119 Doc# 149 Filed: 05/15/23 Entered: 05/15/23 10:05:30 Page 1 of 4

*In Re Peter R. Fader, Debtor*, Case No. 08-30119 DM
MOTIONS FOR PAYMENT OF ATTORNEY'S FEES & ORDER RELIEVING ATTORNEY 1

introduced at the hearing on the Motions.

In support of the Motions, Moving Party represents as follows,

1. Moving Party served as attorney for Debtor Peter Fader in this bankruptcy and two associated Adversary Proceeding filed by the United States Trustee for Denial of Discharge and Revocation of Discharge.

2. The Complaint for Denial of Discharge resulted in a verdict for the Debtor after trial and the Adversary Proceeding to Revoke the Discharge was dismissed by the United States Trustee in May, 2010, shortly before the Trial was set to occur.

3. Attorney also representation of Mr. Fader in as case in the Superior Court of San Francisco County entitled *Gaddy v. Deitzmann*, Case No. CGC-07-461716 (the "State Court Action"), which was eventually dismissed.

4. After the Dismissal of Mr. Fader's claims in the State Court action, the total remaining due for Attorney fees and costs in the three matters was $39,300. Attorney had been paid a total of $18,000 during the first Adversary Proceeding.

5. Between February, 2011 and January, 2012, Mr. Fader made 10 payments of $1,000 each and one payment of $300, leaving an unpaid balance of $29,000.

6. Sometime in early 2015 Mr. Fader left California and began living in Denver, Colorado, where he remains today.

7. In October, 2017 Mr. Fader made an additional payment of $2,000, leaving a remaining balance of $27,000.

8. Throughout this entire period Peter Fader repeatedly told Moving Party that he would pay the balance due.

9. Sometime in 2018 or early 2019, Mr. Fader told Attorney that he was in contact with new attorneys who could pursue a claim against Stephen Boal, and that I would be paid from this recovery.

10. Moving Party spoke at length to attorneys at a law firm in New York who asked many questions about the bankruptcy. However, no one, not Fader or his new attorney, would discuss what the actual basis of the claim was.

*In Re Peter R. Fader, Debtor*, Case No. 08-30119 DM
MOTIONS FOR PAYMENT OF ATTORNEY'S FEES & ORDER RELIEVING ATTORNEY

2

11. Moving Party first became aware of the actual details of the claim when a copy of the proposed Complaint was attached to the Motion To Approve Compromise between Fader and the Trustee. Since Moving Party became aware of the facts alleged in the Adversary Proceeding Complaint, Fader has not been willing to speak to Moving Party.

12. After the settlement of the Boal Adversary Proceeding, Moving Party called Fader more than once to discuss the fees, but Fader did not return the calls.

13. On November 9, 2022, Moving Party received an email from Loren Kieve, stating that he represented Fader and that Moving Party was not to contact Fader. Mr. Kieve also said that the only was Moving Party was to communicate with him was by e-mail. Moving Party sent a reply email stating that he wanted to talk to someone about the balance of my fees. Kieve failed to respond.

14. On Friday April 14, 2023, at 8:17 p.m., Moving Party received a telephone call from Peter Fader. Moving Party told Mr. Fader that Kieve has instructed Moving Party not to talk to Fader. His immediate response was "F*** him, you're going to talk to me". Moving Party responded that he did not want to talk to Fader until he received written assurance that he would be paid the $27,000 he still owed me. This call lasted 33 seconds.

15. Mr. Fader called again at 8:29 p.m. This call lasted well over 6 minutes. Mr. Fader stated that he could not pay me any fees from the Adversary Proceeding Proceeds because he had to pay Kieve $190,000 because "It [the Boal Adversary Proceeding] was his case. It was his idea. He thought the thing whole up".

16. Mr. Fader then told me that the only way that Moving Party would be paid was if he resumed representing Fader and obtained a reduction in the fee and costs awarded to Tyler Meade. He proposed that Moving Party receive a contingent fee that would also include my past balance.

17. Moving Party told Mr. Fader that I would not discuss representing him until I received a signed Stipulation that I would be paid $27,000 from the funds held by the

Trustee. Fader said he would call back on Saturday and hung up.

18. Mr. Fader called back the next day. Over a period of 2 days there were 13 substantive telephone calls totaling over 40 minutes. At the end of the last call In a wide ranging conversation, Mr. Fader finally realized that Moving Party was not going to resume representing him without payment, he called Moving Party "miserable dwarf" and Moving Party hung up.

19. The parties exchanged texts over the next two days in which Fader assured Moving Party that a Stipulation would be executed, but this exchange ended without any further action.

20, Based on these facts Moving Party asserts that it would be unjust for the Court to require him to do anything more for Peter Fader.

21. Moving Party has requested that Mr. Kieve file a Substitution of Attorney herein, but he has refused,

THEREFORE, BASED ON THE FOREGOING, Moving Party prays this Court for Orders that the Trustee pay Moving Party $27,000 from the funds due to Fader, and that Moving Party be relieved as Attorney for Debtor herein.

Date: May 12, 2023  Respectfully Submitted;

*William F. Abbott*
William F. Abbott
Attorney for Debtor

.