Kenneth H. Brown (CA Bar No. 100396)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: kbrown@pszjlaw.com
mmanning@pszjlaw.com

Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PETER R. FADER<br>*dba* Urchin Capital Partners<br>*dba* Urchin Partners LLC,<br><br>Debtor. | Case No.: 08-30119-DM<br><br>Chapter 7<br><br>**TRUSTEE'S RESPONSE TO ABBOTT'S MOTION FOR PAYMENT OF ATTORNEY'S FEES**<br><br><u>Hearing Date:</u><br><br>Date: June 9, 2023<br>Time: 10:30 AM<br>Place: Courtcall/Videoconference<br>Judge: Honorable Dennis Montali |

E. Lynn Schoenmann, the trustee ("Trustee") of the chapter 7 case of Peter R. Fader ("Debtor") hereby submits this response ("Response") to the motion of William Abbott for an *Order for Payment of Attorney's Fees* ("Motion") filed on May 15, 2023.[1]

## I.

## FACTUAL SUMMARY

**A.     The Debtor's Bankruptcy Filing.**

On January 26, 2008, the Debtor filed a voluntary chapter 7 petition in this Court. The docket in Debtor's bankruptcy case shows that Mr. Abbott represented the Debtor in the main case

---

[1] The Motion also requests that Mr. Abbott be relieved from further representing Mr. Fader. [*See* Dkt 149]. The Trustee does not take any position on this issue.

and in certain adversary proceedings filed by the United States Trustee against Mr. Fader seeking denial and revocation of his discharge (APN 08-3080 and 08-30119).

The Debtor ultimately received a discharge and the bankruptcy case was subsequently closed in 2010. According to the Motion, the Debtor has not paid all of the fees that were incurred in connection with the two adversary proceedings as well as a certain state court lawsuit and there exists an outstanding balance of $27,000 due and owing to Mr. Abbott.

On July 14, 2019, the Debtor filed an application to reopen his bankruptcy case to disclose claims based on oral agreement previously omitted from his bankruptcy schedules ("Claims") and to enable the Trustee to determine whether the Claims constitute property of the estate that can be administered by the Trustee. (The application to reopen was submitted by Orrick, Herrington & Sutcliffe LLP, as counsel to the Debtor).

On September 13, 2019, the United States Trustee appointed E. Lynn Schoenmann as the Chapter 7 trustee of the Debtor's case. On September 15, 2019 the Debtor's bankruptcy case was reopened to enable the Trustee to investigate and possibly pursue the Claims for the benefit of the estate and its creditors.

**B.      The Relevant Agreements.**

To resolve the dispute over the ownership of the Claims, the Debtor and the Trustee entered into a *Litigation Recovery Sharing Agreement* ("Sharing Agreement") which was approved by the Court in February 2022 [Dkt 72]. The Sharing Agreement provides the Debtor with 40% of the net proceeds recovered from the Trustee's prosecution of the Claims and 60% to the estate, after payment of all allowed chapter 7 administrative expenses and allowed domestic support obligations identified in 11 U.S.C. §507(a)(1)(A) and (B). After the payment of the estate's administrative claims and allowed domestic support obligations, the Sharing Agreement requires the Trustee to remit the remaining 40% net proceeds (if any) to the Debtor.

On November 16, 2022 the Court approved a settlement of the Claims, as memorialized by a *Settlement Agreement and Release* (the "Settlement"), entered into between the Trustee, the Debtor and Steven R. Boal. [Dkt 123]. The settlement amount due under the Settlement has been paid to the Trustee on behalf of the estate. The Settlement proceeds will be distributed to Fader per the Sharing

| | |
|---|---|
| 1 | Agreement and the provisions of the Bankruptcy Code after administrative claims are determined |
| 2 | and the avoidance period on the last Settlement payment has expired. |

## II.

## LEGAL ARGUMENT

**A.  The Trustee Cannot Use Estate Assets to Pay the Debtor's Legal Fees**

It is not clear whether the Motion requests the Trustee to use estate assets to pay Mr. Abbott's legal fees incurred for representing the Debtor.[2] To the extent the Motion seeks an order requiring the Trustee to use the estate's interest in the Settlement proceeds (including the estate's net 60% interest as well as the portion of the proceeds that will be used to pay chapter 7 administrative expenses) to pay the Debtor's legal fees owing to Mr. Abbott, the request must be denied.  The Trustee cannot use estate property to pay non-estate obligations, such as the Debtor's legal fees.  In *Lamie v. United States Trustee*, 540 U.S. 526, 537 (2004), the Supreme Court held that the payment of a chapter 7 debtors' attorney's fees cannot be paid out of the bankruptcy estate because 11 U.S.C. § 330(a) only authorizes compensation to professionals employed under § 327, which does not include the debtor's attorney in a chapter 7 case unless employed by the trustee under § 327(e); *see also*, *Hill v. Camacho*, 2007 U.S. Dist. Oregon LEXIS 54443, 2007 WL 2120891 (state lien law could not be used as justification to pay debtor's post-petition legal fees from estate funds when counsel was not retained under section 327).  Mr. Abbott was not retained to represent the estate.  Accordingly, the estate's interest in the Settlement proceeds may not be used to pay the Debtor's legal fees.

To the extent the Motion requests an order permitting the Trustee to pay Mr. Abbott's legal fees from the Debtor's 40% interest in the net Settlement proceeds (if any), the Trustee takes no position.

///
///
///
///

---

[2] The Motion was docketed as an application for compensation which connotes payment of fees due from estate assets.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Respectfully Submitted,

Dated: May 17, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Miriam Manning*
Kenneth H. Brown
Miriam Manning
Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee

| | |
|---|---|
| 1 | STATE OF CALIFORNIA ) |
| | ) |
| 2 | CITY OF SAN FRANCISCO ) |

I, Oliver Carpio, am employed in the city and county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One Sansome Street, 34th Floor, Suite 3430, San Francisco, CA 94104-4436.

On May 17, 2023, I caused to be served the following documents in the manner stated below:

- ***TRUSTEE'S RESPONSE TO ABBOTT'S MOTION FOR PAYMENT OF ATTORNEY'S FEES***

| | |
|---|---|
| ☑ | TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document was served by the court via NEF and hyperlink to the document. On **May 17, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below |
| ☐ | (BY OVERNIGHT DELIVERY) By sending by FedEx and/or USPS Express Mail to the addressee(s) as indicated on the attached list. |
| ☐ | (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☐ | (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address. |

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on May 17, 2023 at San Francisco, California.

               */s/ Oliver Carpio*
                *Legal* Assistant

**ECF/NEF List**

- William F. Abbott    billabbott@earthlink.net, warrentwooesq@cs.com
- Tracy O'Driscoll Appleton    tappleton@dnfllp.com, paralegals@dnfllp.com
- Bachecki, Crom & Co., LLP    JCrom@bachcrom.com
- Peter J. Benvenutti    pbenvenutti@kbkllp.com
- Kenneth H. Brown    kbrown@pszjlaw.com, ocarpio@pszjlaw.com
- Victor Chiu    vchiu@keker.com, VFujisawa@keker.com
- Patricia A. Cutler    patricia.cutler@usdoj.gov
- Loren Kieve    lk@kievelaw.com
- Marc A. Levinson    Malevinson@orrick.com, casestream@ecf.courtdrive.com
- Miriam Manning    mmanning@pszjlaw.com, ocarpio@pszjlaw.com
- Tyler Meade    tyler@meadefirm.com
- Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov
- Mark J. Romeo    romeolaw@msn.com
- E. Lynn Schoenmann    tteeschoenmann@earthlink.net, lschoenmann@ecf.axosfs.com
- Riley C. Walter    RIBTecf@wjhattorneys.com