WILLIAM F. ABBOTT
4790 Geary Boulevard
San Francisco, California 94118
Telephone: (415) 863-9337
Facsimile: (415) 386-5511
Email: billabbott@earthlink.net

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: PETER R. FADER dba Urchin Capital Partners, dba Urchin Partners,<br><br>Debtor. | Case No. 08-30119 DM<br><br>CHAPTER 7<br><br>DATE: June 2, 2023<br>TIME: 10:30 a.m.<br>PLACE: 450 Golden Gate Ave.<br>San Francisco, CA<br>Courtroom 16<br>Judge Dennis Montali |

**REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR AN ORDER THAT THE TRUSTEE PAY ATTORNEY'S FEES & FOR AN ORDER RELIEVING ATTORNEY FROM FURTHER REPRESENTATION**

I.

**INTRODUCTION**

Nominal Attorney for Debtor William F. Abbott files this Reply to the Response of the Trustee and the Objection and Motion for Sanctions filed by Debtor Peter Fader. The Reply is supported by two Declarations of William F. Abbott, one of which is being filed under seal for reason contained therein.

II.

**THE MOTION TO WITHDRAW IS NOT OPPOSED**

Nowhere in the Objection is there anything remotely approaching any Opposition to the Motion for an Order Relieving Attorney William F. as Attorney for the Debtor

herein. For the reasons stated in the Motion and supporting Declaration, the Motion must be GRANTED.

### III
### THE MOTION DOES NOT SEEK ESTATE FUNDS
### THAT ARE NOT DUE TO PETER FADER

In Reply to the Trustee's Response, Moving Party states that the Motion does not seek reimbursement for his fees from any funds of the Estate that are not due to Fader.

### IV.
### THE OBJECTION AND CROSS MOTIONS MUST BE DENIED

It should be noted that the only actual evidence submitted in support of the Objection is a Declaration that Mr. Kieve's hourly rate is $9000 and that he spent more than eight hours responding to the Motion. Curiously, there is no Declaration of Peter Fader stating that he did not receive detailed Invoices for all fees and costs incurred, or that he did not received the full benefit of the services, or that the amount sought is not due, or that his presence in Colorado has not tolled the Statutes of Limitation as set forth in the Motion and Declaration of William F. Abbott.

The only real basis of the Objection is that by repeated promises of payment, periodic payments and removing himself from California to and undisclosed location in Colorado, Fader has stalled so long that he does not have to pay the balance due.

I will Reply to the points in Objection in the order in which they were raised. The Objection (pg. 2, l. 5-8) asserts that "Mr. Abbott was paid $25,000 to "represent Mr. Fader in another lawsuit that presumably bears some relationship to the bankruptcy proceeding, given that Mr. Abbott has included it in his Declaration"). Mr. Kieve also asserts that this amount should be disgorged.

In regard to the $25,000 that I was paid to represent a limited partnership in which Fader was a member was mentioned in the Declaration was that I anticipated that Fader might falsely assert that some of the payments made by the other members were intended to satisfy his debt for the bankruptcy. This representation did not involve any

*In Re Peter R. Fader, Debtor*, Case No. 08-30119 DM
**REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS**                        2

lawsuit and had no relation to the Bankruptcy, are stated in the Reply Declaration ¶14.

The Objection (2:17-5:23) asserts that the Adversary Proceeding fees had to be disclosed to the Court. A Statement of Compensation was filed with the Voluntary Petition. It stated that the fees for the Chapter 7 were $6,000.00, that the fees had been paid and that it did not include Adversary Proceedings.

The required duties of an Attorney for a Chapter 7 Debtor do not include representation in Adversary Proceedings. I do not believe that it has been the practice of this Court to require Disclosure and/or Court approval of fees in Adversary Proceedings filed in Chapter 7 Proceeding, unless they are going to be paid from Estate funds.

However, if Mr. Kieve's legal position is correct, I humbly move the Court to enter an Order *Nunc Pro Tunc* approving the Fee Agreement attached as Exhibit A to the Reply Declaration.

The Objection (5:24-8:17) asserts that I have not substantiated the fees. In light of the fact that the Reply Declaration and its Exhibits describe all of the services in minute detail, Moving Party asserts that these objections are moot.

In regard to the reasonableness of the fees, the Moving Declaration clearly states that the hourly rate charged was $200. In regard to the hours expended, it is entirely appropriate that Judge Montali, who presided over the Chapter 7 and both Adversary Proceedings, determine if the fees were appropriate. Judge Montali presided over the multi-day trial of the Motion To Deny Discharge, considered and denied the Motion To Consolidate Trial of the two Adversary Proceeding, and presided over the second Adversary Proceeding until is Dismissal a month before trial was to begin. Notwithstanding the passage of time, he is uniquely qualified to evaluate the reasonableness of the hours and the rate.

The Objection (9:1-10:12) asserts that the Motion is untimely. These points are not well taken. This is not a Motion for a Court Award of Attorneys Fees from an adverse party. I am not a Creditor of the Estate, so the Notice of Potential Dividend is not

relevant. The Motion was filed when Fader ended his 15 year pattern of assuring me of full payment and informed me in a telephone call that he would not pay his balance. The Objectio0n presents no evidence on this point, simply making the unsupported conclusion that the limitations period obviously expired. Since Fader left California within 3 years of a payment, and furthermore made an additional payment from Colorado, the statute of limitation does not bar a recovery.

In regards to the Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 there has been no assertion of any attempt to demand that the allegedly sanctionable pleading be withdrawn. In fact, Moving Party twice offered a mutual withdrawal of Motions, and received no response from Mr. Kieve. Furthermore, the Motion was clearly not frivolous.

There is no evidence to support for the Objection's statement that Moving Party's recent telephone conversation involved any communication other than a discussion of the amount due and Fader's reasons that he could not pay it, even though he admitted owing it and more.

## V.

## CONCLUSION

Attorney is entitled to the requested Orders. Attorney is rightfully owed $16,399.85 for defending Fader's Discharge in two Adversary Proceedings. There was not actual Opposition to the Motion To Withdraw. Both Motions should be GRANTED.

Date: May 26, 2023  *William F. Abbott*
William F. Abbott
Nominal Attorney for Debtor