Kenneth H. Brown (CA Bar No. 100396)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: kbrown@pszjlaw.com
mmanning@pszjlaw.com

Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PETER R. FADER<br>*dba* Urchin Capital Partners<br>*dba* Urchin Partners LLC,<br><br>Debtor. | Case No.: 08-30119-DM<br><br>Chapter 7<br><br>**DECLARATION OF MIRIAM MANNING IN SUPPORT OF TRUSTEE'S OBJECTION TO CLAIM NO. 15 FILED BY WARREN DEAN**<br><br>**Hearing Date:**<br><br>Date: September 29, 2023<br>Time: 1:30 PM<br>Place: Telephonically/Videoconference<br>Judge: Honorable Dennis Montali<br><br>**Response Deadline**: September 15, 2023 |

I, Miriam Manning, declare as follows:

1. I am an attorney in the law firm of Pachulski Stang Ziehl & Jones LLP. Our office represents E. Lynn Schoenmann, the trustee ("Trustee") of the chapter 7 case of Peter R. Fader ("Debtor").

2. I submit this declaration in support of the *Trustee's Objection to Claim No. 15 Filed by Warren Dean*. I have personal knowledge of the facts set forth herein and, if called as a witness, I would and could competently testify thereto.

### A. The Debtor's Bankruptcy Filing

3. The docket in the Debtor's bankruptcy case reveal the following facts: On January 26, 2008, the Debtor, aka Urchin Capital Partners and Urchin Partners LLC, filed a voluntary chapter 7 petition in this Court. The Debtor received a discharge and the bankruptcy case was subsequently closed in 2010.

4. Claimant was listed on the Debtor's amended schedule F as having a disputed "Loan" claim in the amount of $1,500,000. [Dkt 16].

5. The Debtor's schedule B also shows that the Debtor held a 75% membership interest in Urchin Capital Partners and a 100% membership interest in Urchin Partners LLC.

6. On July 14, 2019, the Debtor filed an application to reopen his bankruptcy case to disclose claims based on an oral agreement that was previously omitted from his bankruptcy schedules and to enable the Trustee to determine whether such previously omitted claims constitute property of the estate that can be administered by the Trustee.

7. On September 13, 2019, the United States Trustee appointed E. Lynn Schoenmann as the Chapter 7 trustee of the Debtor's bankruptcy case. On September 15, 2019 the Debtor's bankruptcy case was reopened.

### C. The Proof of Claim

8. Attached hereto as **Exhibit A** is a true and correct copy of the claim filed by the Claimant on December 9, 2019 in the amount of $1,080,000 relating to a 'loan' (the "Claim").

9. In response to my request for documents to substantiate the nature and amount of the Claim, on June 8, 2023, Claimant provided a letter, two promissory notes and a document entitled "Fader Loan Summary". Attached hereto as **Exhibit B** is a true and correct copy of the Claimant's June 8, 2023 email, letter and documents.

10. By way of a separate email on June 8, 2023, Claimant advised that the $230,000 loan was due in five years. Attached hereto as **Exhibit C** is a true and correct copy of the June 8, 2023 email.

11. No previous request for the relief sought in the Objection has been made by the Trustee.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 29, 2023 at Ross, California.

*/s/ Miriam Manning*
Miriam Manning

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# EXHIBIT A
**(Proof of Claim)**

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 Peter Fader | |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court California Northern Bankruptcy Court | |
| Case number: 08–30119 | |

FILED
U.S. Bankruptcy Court
California Northern Bankruptcy Court
12/9/2019
Edward J. Emmons, Clerk

# Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Warren Dean
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Warren Dean
Name

1902 W Colorado Avenue
Suite 110
San Mateo CA 94402

Contact phone   719–440–1722
Contact email   warren@whd22.com

Where should payments to the creditor be sent? (if different)

Warren Dean
Name

3131 Little Turkey Creek Rd.

Colorado Springs, CO 80926

Contact phone   719–440–1722
Contact email   warren@whd22.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |
| 7. **How much is the claim?** | $ 1080000.00 | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>loan | |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable | |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ | |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ | |

Official Form 410           Proof of Claim           page 2

## Part 2 (continued)

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No
☐ Yes. *Check all that apply*:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |

\* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/9/2019
MM / DD / YYYY

/s/ Warren Hall Dean
Signature

Print the name of the person who is completing and signing this claim:

Name: Warren Hall Dean
First name  Middle name  Last name

Title: Individual

Company: Individual
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 3131 Little Turkey Creek Rd.
Number  Street
Colorado Springs, CO 80926
City  State  ZIP Code

Contact phone: 719-440-1722   Email: warren@whd22.com

Official Form 410   Proof of Claim   page 3

# EXHIBIT B
### (June 8, 2023 email and attachments)

| | |
|---|---|
| **From:** | Warren Dean <warren@whd22.com> |
| **Sent:** | Thursday, June 8, 2023 9:18 AM |
| **To:** | Miriam Manning |
| **Cc:** | Sharon Regier |
| **Subject:** | RE: Fader - Claim No. 15 |
| **Attachments:** | 23.6.8 Fader Docs.Manning BK.pdf |

Good morning, Ms. Manning.

Per your request, I am forwarding documents related to the Peter Fader bankruptcy.

Please let me know if you have any questions or need anything else.

Warren Dean
719-440-1722

---

**From:** Miriam Manning
**Sent:** Tuesday, June 6, 2023 2:36 PM
**To:** Warren Dean
**Cc:** Miriam Manning
**Subject:** Fader - Claim No. 15

Dear Mr. Dean,

Our office represents E. Lynn Schoenmann, the chapter 7 trustee appointed in Mr. Fader's bankruptcy case. To follow up on our call from today, I have attached your proof of claim in the amount of $1,080,000 and reiterate our request for documentation to substantiate the amount of your claim whether that be a promissory note, canceled checks or wire transfer documents. If such documents no longer exist, please provide a letter setting forth the terms of the loan, including the date(s) when the loan was made, whether the funds were transferred by check, wire or other method, the amount of each transfer (if the loan was made in several installments), the repayment terms, and any other relevant information. We may then request Mr. Fader to verify the information provided.

Please provide this information at your earliest opportunity. If you have any questions, please do not hesitate to contact me. Regards,

**Miriam Manning**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 415.217.5117
Tel: 415.263.7000 | Fax: 415.263.7010
mmanning@pszjlaw.com
vCard | Bio | LinkedIn

1

Warren H. Dean
3131 Little Turkey Creek Road
Colorado Springs, CO 80926
719-440-1722
warren@whd22.com

June 7, 2023

Miriam Manning
Pachulski, Stang, Ziehl and Jones LLP

Dear Ms. Manning,

This letter will address your June 6, 2023 request for information regarding my bankruptcy claim against Peter Fader.

For illustration I have enclosed:

- 23.6.5 WD Fader Loan Summary
- Promissory note dated June 21, 2006
- Promissory note dated July 11, 2007

In total I made 5 loans to Peter Fader between Mid 1998 and July 11, 2007, as detailed on the attached spreadsheet.

- Loans 1-3 total $230,000, July 7, 2001, as shown on line 10. This included three advances.
- Loan 4 is for $600,000, May 5, 2006, as shown on line 38.
- Loan 5 is for 250,000, July 13, 2007, as shown on line 63.

The respective interest rates are shown in the loan details.

All funds were wired.

I have attached a copy of Loans #2 and #3, which I happened to have in an old file, the documents related to the first loans shredded due to their age.

Let me know if you need anything else.

Thank you.

Warren H. Dean

|   | A | B | C | D | E |
|---|---|---|---|---|---|
| 1 | Fader Loan Summary | | 3.3.15 | | |
| 2 | | | | | |
| 3 | Loan 1 | 1,109,831 | | | |
| 4 | Loan 2 | 5,016,571 | | | |
| 5 | Loan 3 | 1,695,294 | | | |
| 6 | Total Owed | 7,821,695 | | 12.3.17 | |
| 7 | | | | | |
| 8 | Fader Loan 1 | | | | |
| 9 | Payments | Annual | Monthly | | |
| 10 | Loan Amount | 230,000 | 19,167 | | |
| 11 | Rate | 10.00% | 0.83% | | |
| 12 | Term | | 0 | | |
| 13 | Year | Loan | | | End |
| 14 | | Balance | Interest | Princ. | Balance |
| 15 | 07/01/01 | 230,000 | 0 | 0 | 230,000 |
| 16 | 12/31/01 | 230,000 | 11,532 | 0 | 241,532 |
| 17 | 12/31/02 | 241,532 | 24,153 | 0 | 265,685 |
| 18 | 12/31/02 | 265,685 | 26,568 | 0 | 292,253 |
| 19 | 12/31/04 | 292,253 | 29,225 | 0 | 321,478 |
| 20 | 12/31/05 | 321,478 | 32,148 | 0 | 353,626 |
| 21 | 12/31/06 | 353,626 | 35,363 | 0 | 388,989 |
| 22 | 12/31/07 | 388,989 | 38,899 | 0 | 427,888 |
| 23 | 12/31/08 | 427,888 | 42,789 | 0 | 470,677 |
| 24 | 12/31/09 | 470,677 | 47,068 | 0 | 517,744 |
| 25 | 12/31/10 | 517,744 | 51,774 | 0 | 569,519 |
| 26 | 12/31/11 | 569,519 | 56,952 | 0 | 626,471 |
| 27 | 12/31/12 | 626,471 | 62,647 | 0 | 689,118 |
| 28 | 12/31/13 | 689,118 | 68,912 | 0 | 758,029 |
| 29 | 12/31/14 | 758,029 | 75,803 | 0 | 833,832 |
| 30 | 12/31/15 | 833,832 | 83,383 | 0 | 917,215 |
| 31 | 12/31/16 | 917,215 | 91,722 | 0 | 1,008,937 |
| 32 | 12/31/17 | 1,008,937 | 100,894 | 0 | 1,109,831 |
| 33 | | | | | |
| 34 | | | 879,831 | 230,000 | 1,109,831 |
| 35 | | | | | |
| 36 | Fader Loan 2 | | | | |
| 37 | Payments | Annual | Monthly | | |
| 38 | Loan Amount | 600,000 | 50,000 | | |
| 39 | Rate | 20.00% | 1.67% | | |
| 40 | Term | | 0 | | |
| 41 | Year | Loan | | | End |
| 42 | | Balance | Interest | Princ. | Balance |
| 43 | 05/11/06 | 600,000 | 0 | 0 | 600,000 |
| 44 | 05/19/06 | 600,000 | 2,630 | (250,000) | 352,630 |
| 45 | 06/14/06 | 352,630 | 5,024 | 250,000 | 607,654 |
| 46 | 12/31/06 | 607,654 | 66,592 | 0 | 674,246 |
| 47 | 12/31/07 | 674,246 | 134,849 | 0 | 809,095 |
| 48 | 12/31/08 | 809,095 | 162,262 | 0 | 971,358 |
| 49 | 12/31/09 | 971,358 | 194,272 | 0 | 1,165,629 |
| 50 | 12/31/10 | 1,165,629 | 233,126 | 0 | 1,398,755 |
| 51 | 12/31/11 | 1,398,755 | 279,751 | 0 | 1,678,506 |
| 52 | 12/31/12 | 1,678,506 | 336,621 | 0 | 2,015,127 |
| 53 | 12/31/13 | 2,015,127 | 403,025 | 0 | 2,418,153 |
| 54 | 12/31/14 | 2,418,153 | 483,631 | 0 | 2,901,783 |
| 55 | 12/31/15 | 2,901,783 | 580,357 | 0 | 3,482,140 |
| 56 | 12/31/16 | 3,482,140 | 698,336 | 0 | 4,180,476 |
| 57 | 12/31/17 | 4,180,476 | 836,095 | 0 | 5,016,571 |
| 58 | | | | | |
| 59 | | | 4,416,571 | 600,000 | 5,016,571 |
| 60 | | | | | |
| 61 | Fader Loan 3 | | | | |
| 62 | Payments | Annual | Monthly | | |
| 63 | Loan Amount | 250,000 | 20,833 | | |
| 64 | Rate | 20.00% | 1.67% | | |
| 65 | Term | | 0 | | |
| 66 | Year | Loan | | | End |
| 67 | | Balance | Interest | Princ. | Balance |
| 68 | 07/13/07 | 250,000 | 0 | 0 | 250,000 |
| 69 | 12/31/07 | 250,000 | 23,425 | 0 | 273,425 |
| 70 | 12/31/08 | 273,425 | 54,835 | 0 | 328,259 |
| 71 | 12/31/09 | 328,259 | 65,652 | 0 | 393,911 |
| 72 | 12/31/10 | 393,911 | 78,782 | 0 | 472,694 |
| 73 | 12/31/11 | 472,694 | 94,539 | 0 | 567,232 |
| 74 | 12/31/12 | 567,232 | 113,757 | 0 | 680,990 |
| 75 | 12/31/13 | 680,990 | 136,198 | 0 | 817,187 |
| 76 | 12/31/14 | 817,187 | 163,437 | 0 | 980,625 |
| 77 | 12/31/15 | 980,625 | 196,125 | 0 | 1,176,750 |
| 78 | 12/31/16 | 1,176,750 | 235,995 | 0 | 1,412,745 |
| 79 | 12/31/17 | 1,412,745 | 282,549 | 0 | 1,695,294 |
| 80 | | | | | |
| 81 | | | 1,445,294 | 250,000 | 1,695,294 |

# Promissory Note

**Date:** June 21, 2006

**Borrower:** Peter R. Fader

**Borrowers Address:** 655 Montgomery St., Suite 900

San Francisco, CA 94111

**Lender:** Warren Dean

**Principal Amount:** 600,000.00

**Term:** Demand

**PROMISE TO PAY.** For value received, Borrower promises to pay Lender Six Hundred Thousand Dollars ($600,000) upon demand by lender.

**PAYMENT DATE.** Borrower will pay entire amount of the principal plus interest upon demand by lender.

**BORROWER'S PRE-PAYMENT RIGHT.** Borrower reserves the right to prepay this Note in whole or in part, prior to maturity, without penalty.

**PLACE FOR PAYMENT.** Borrower promises to pay to the order of Lender at the place for payment and according to the terms for payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due upon demand.

below

**INTEREST.** Interest on any unpaid balance due after July 10, 2006 shall accrue at a rate of Twenty Percent (20%) annually (i.e. $600,000 x 88/365 days x 20% = $28,931.51). Interest shall a Compound annually.

**SECURITY.** This note is securitized by assets of Peter R. Fader as deemed appropriate by lender.

**FORM OF PAYMENT.** Any check, draft, Money Order, or other instrument given in payment of all or any portion hereof may be accepted by the holder and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the Lender and applied to this indebtedness in the manner elsewhere herein provided.

**ATTORNEY'S FEES.** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay Lender all costs of collection and

enforcement, including reasonable attorney's fees, costs of appeal and court costs in addition to other amounts due.

**SEVERABILITY.** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**ENTIRE AGREEMENT.** This is the entire agreement between the parties. It replaces and supersedes any and all oral agreements between the parties, as well as any prior writings.

**BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

**DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW.** This Note shall be governed, construed and interpreted by, through and under the Laws of the State of California.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this _26_ day of _JUNE_ 20_06_

[Borrower's Signature:]

_[signature]_

[Borrower's Printed or Typed Name]:

_PETER R FADER_

[Lender's Signature:]

_____

[Lender's Printed or Typed Name]:

_____

Promissory Note

Date: July 11, 2007

Borrower: Peter R. Fader

Borrowers Address: 655 Montgomery St., Suite 900

San Francisco, CA 94111

Lender: Warren Dean

Principal Amount: $250,000.00

Term: 180 Days

**PROMISE TO PAY.** For value received, Borrower promises to pay Lender Two Hundred and Fifty Thousand Dollars ($250,000) upon demand by lender.

**PAYMENT DATE.** Borrower will pay entire amount of the Principal Amount plus interest upon demand by lender

**INTEREST.** Interest on all amount owed up to the Payment Date shall be calculated at an annual rate of Twenty Percent (20%). All interest not paid shall be added to the note amount at the end of each calendar quarter, ie: compound quarterly.

**BORROWER'S PRE-PAYMENT RIGHT.** Borrower reserves the right to prepay this Note in whole or in part, prior to maturity, without penalty.

**PLACE FOR PAYMENT.** Borrower promises to pay to the order of Lender at the place for payment and according to the terms for payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

**SECURITY.** This is secured by all assets of Peter R. Fader as deemed appropriate by lender.

**FORM OF PAYMENT.** Any check, draft, Money Order, or other instrument given in payment of all or any portion hereof may be accepted by the holder and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the Lender and applied to this indebtedness in the manner elsewhere herein provided.

**ATTORNEY'S FEES.** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is

collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay Lender all costs of collection and enforcement for reasonable attorney's fees, including appeals and court costs in addition to other amounts due.

**SEVERABILITY.** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**ENTIRE AGREEMENT.** This is the entire agreement between the parties. It replaces and supersedes any and all oral agreements between the parties, as well as any prior writings.

**BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

**DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW.** This Note shall be governed, construed and interpreted by, through and under the Laws of the State of Colorado.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this \_\_11\_\_ day of \_\_July\_\_, 20\_07\_.

[Borrower's Signature:]

[Borrower's Printed or Typed Name]:
Peter Fadde

[Lender's Signature:]

[Lender's Printed or Typed Name]:

COPY

Page 2 of 2

# EXHIBIT C
## (June 8, 2023 email)

| From: | Warren Dean <warren@whd22.com> |
|---|---|
| Sent: | Thursday, June 8, 2023 3:42 PM |
| To: | Miriam Manning |
| Subject: | Re: Fader - Claim No. 15 |

1) one memorialized all three loans.

2) 2006. Five years out from note

3) Mr Fader personally.

Warren Dean
719-440-1722

> On Jun 8, 2023, at 4:18 PM, Miriam Manning wrote:
>
> Mr. Dean,
> Thank you for forwarding the information. I have some questions regarding the first set of loans:
> (1) Were there promissory notes or any other agreements memorializing any of the 2001 loans?
> (2) When were the 2001 loans to have been repaid?
> (3) Were the 2001 loans made to Mr. Fader or to one of his companies?
> Regards,
> Miriam Manning
>
> **From:** Warren Dean [mailto:warren@whd22.com]
> **Sent:** Thursday, June 8, 2023 9:18 AM
> **To:** Miriam Manning
> **Cc:** Sharon Regier
> **Subject:** RE: Fader - Claim No. 15
>
> Good morning, Ms. Manning.
>
> Per your request, I am forwarding documents related to the Peter Fader bankruptcy.
>
> Please let me know if you have any questions or need anything else.
>
> Warren Dean
> 719-440-1722
>
> **From:** Miriam Manning <mmanning@pszjlaw.com>
> **Sent:** Tuesday, June 6, 2023 2:36 PM
> **To:** Warren Dean <warren@whd22.com>
> **Cc:** Miriam Manning <mmanning@pszjlaw.com>
> **Subject:** Fader - Claim No. 15

Dear Mr. Dean,

Our office represents E. Lynn Schoenmann, the chapter 7 trustee appointed in Mr. Fader's bankruptcy case. To follow up on our call from today, I have attached your proof of claim in the amount of $1,080,000 and reiterate our request for documentation to substantiate the amount of your claim whether that be a promissory note, canceled checks or wire transfer documents. If such documents no longer exist, please provide a letter setting forth the terms of the loan, including the date(s) when the loan was made, whether the funds were transferred by check, wire or other method, the amount of each transfer (if the loan was made in several installments), the repayment terms, and any other relevant information. We may then request Mr. Fader to verify the information provided.

Please provide this information at your earliest opportunity. If you have any questions, please do not hesitate to contact me. Regards,

**Miriam Manning**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 415.217.5117
Tel: 415.263.7000 | Fax: 415.263.7010
mmanning@pszjlaw.com
vCard | Bio | LinkedIn

Los Angeles | San Francisco | Wilmington, DE | New York | Houston