Kenneth H. Brown (CA Bar No. 100396)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: kbrown@pszjlaw.com
        mmanning@pszjlaw.com

Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PETER R. FADER<br>*dba* Urchin Capital Partners<br>*dba* Urchin Partners LLC,<br><br>Debtor. | Case No.: 08-30119-DM<br><br>Chapter 7<br><br>**DECLARATION OF MIRIAM MANNING IN SUPPORT OF TRUSTEE'S OBJECTION TO CLAIM NO. 17 BY MARYON D. LEWIS**<br><br>**Hearing Date:**<br><br>Date:  November 17, 2023<br>Time:  1:30 PM<br>Place:  Telephonically/Videoconference<br>Judge:  Honorable Dennis Montali<br><br>**Response Deadline**:  November 3, 2023 |

I, Miriam Manning, declare as follows:

1.      I am an attorney in the law firm of Pachulski Stang Ziehl & Jones LLP.  Our office represents E. Lynn Schoenmann, the trustee ("Trustee") of the chapter 7 case of Peter R. Fader ("Debtor").

2.      I submit this declaration in support of the *Trustee's Objection to Claim No. 17 by Maryon D. Lewis.*  I have personal knowledge of the facts set forth herein and, if called as a witness, I would and could competently testify thereto.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**A.      The Debtor's Bankruptcy Filing.**

3.      On January 26, 2008, the Debtor, aka Urchin Capital Partners and Urchin Partners LLC, filed a voluntary chapter 7 petition in this Court.  The Debtor received a discharge and the bankruptcy case was subsequently closed in 2010.

4.      Maryon D. Lewis ("Claimant") was not listed on the Debtor's initial bankruptcy schedules filed on January 26, 2008 or on the amended schedule F filed on March 31, 2008.  [Dkts 1 and 16].

5.      On July 14, 2019, the Debtor filed an application to reopen his bankruptcy case to disclose claims based on an oral agreement that was previously omitted from his bankruptcy schedules and to enable the Trustee to determine whether such previously omitted claims constitute property of the estate that can be administered by the Trustee.

6.      On September 13, 2019, the United States Trustee appointed E. Lynn Schoenmann as the Chapter 7 trustee of the Debtor's case.  On September 15, 2019 the Debtor's bankruptcy case was reopened.

**B.      Proof of Claim and Communications with Claimant's Son, Ralph D. Lewis.**

7.      Attached hereto as **Exhibit A** is a true and correct copy of the Claim filed by Claimant, through her son, Ralph D. Lewis, in the amount of $100,000 for 'money loaned' (the "Claim").  No documents or other information was attached to the Claim.

8.      In response to my request for additional information and documentation substantiating the Claim, on June 11, 2023, Mr. Lewis advised me[1] that the Claim related to his mother's purchase of stock in a company called Coupons, Inc. for which she paid $50,000 ("Transfer").  On June 12, 2023, Mr. Lewis forwarded a letter to me and documents relating to his claim (No. 16) and to his mother's Claim (No. 17).  With respect to the stock purchase, Mr. Lewis attached an account statement from Whittier Trust in the name of Maryon D. Lewis Rev TR – WTC Agent which identified a $50,000 transfer on July 8, 2003 to "Amy Edelen Fader" for the "Purchase of 10,000 shares of Coupons Inc. for Maryon Davies Lewis."  Mr. Lewis acknowledges that his

---

[1] Mr. Lewis also advised that he had a durable power of attorney to act on his mother's behalf and provided such document which is part of Exhibit B attached to this declaration.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

mother was never provided with a stock certificate evidencing her equity interest in Coupons, Inc. Attached hereto as **Exhibit B** is a true and correct copy of the letter from Mr. Lewis, dated June 11, 2023 and various documents including the account statement from Whittier Trust.

9.      On August 9, 2023, I advised Mr. Lewis that there was no evidence to support a claim greater than $50,000 and requested that he file an amended claim in the reduced amount of $50,000 to avoid our office from having to file an objection to the Claim.

10.      On August 14, 2023 Mr. Lewis emailed to me a new proof of claim for $50,000. Attached hereto as **Exhibit C** is a true and correct copy of the email and proof of claim.

11.      However, because there were several errors with the new proof of claim which I believed could have created some confusion in the clerk's office, I requested that Mr. Lewis correct those errors and file a revised claim for $50,000.

12.      On September 26, 2023, Mr. Lewis advised that his mother had passed away and that he was not inclined to follow through with filing the amended claim.   Attached hereto as **Exhibit D** is a true and correct copy of the September 26, 2023 communication.

13.      On October 6 and 11, 2023, the Debtor represented under penalty of perjury that he and his wife, Ms. Edelen Fader, held a joint bank account, that she held the shares in Coupons, Inc. which were to be transferred to Ms. Lewis, and that the stock purchase was never completed. Attached hereto as **Exhibit E** is a true and correct copy of the declarations from the Debtor.

14.      No previous request for the relief sought in the Objection has been made by the Trustee.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 12, 2023 at Ross, California.

*/s/ Miriam Manning*
Miriam Manning

1    **EXHIBIT A**
2
3
4
5
6
7
8
9
10
11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Debtor 1   Peter Fader

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **California Northern Bankruptcy Court**

Case number:  **08–30119**

FILED

**U.S. Bankruptcy Court**
**California Northern Bankruptcy Court**

12/9/2019

**Edward J. Emmons, Clerk**

## Official Form 410
## Proof of Claim

**04/19**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Maryon D. Lewis<br><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor     Ralph D Lewis |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Maryon D. Lewis<br><br>Name<br><br>Ralph Lewis<br>216 Ortega Ridge Road<br>United States<br>Montecito, CA 93108–9310<br><br>Contact phone _____ 805 705 9976 _____<br><br>Contact email<br>_____ rdl380@gmail.com _____<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_____ | **Where should payments to the creditor be sent?** (if different)<br><br>Name<br><br><br><br><br>Contact phone _____<br><br>Contact email _____ |
| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____<br><br>MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $ _____100000.00_____ **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>_____money Loaned_____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.     If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe:      _____<br><br>**Basis for perfection:**     _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**          $ _____<br><br>**Amount of the claim that is secured:**     $ _____<br><br>**Amount of the claim that is unsecured:**     $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**     $ _____<br><br>**Annual Interest Rate** (when case was filed)     _____ %<br><br>☐  Fixed<br>☐  Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410                                   Proof of Claim                                   page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | Amount entitled to priority |
|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies   $ _____

* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   12/9/2019
                   MM / DD / YYYY

/s/ Ralph Davies Lewis

Signature

Print the name of the person who is completing and signing this claim:

Name   Ralph Davies Lewis

First name   Middle name   Last name

Title

Company

Identify the corporate servicer as the company if the authorized agent is a servicer

Address   216 Ortega Ridge Road

Number   Street
Montecito, CA 93108

City   State   ZIP Code

Contact phone   8057059976   Email   rdl380@gmail.com

Case 08-33001-19   Claim 195-1   Filed 12/09/23   Entered 12/09/23 16:02:08   Page 7 of 44

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

# RALPH DAVIES LEWIS

Miriam Manning
Pachulski, Stang, Ziehl & Jones
Fader Claim No 16 & 17
Ralph Davies Lewis
Maryon Davies Lewis                                        June11th 2023

Peter Fader and I have been very good friends for the last twenty six years. Peter introduced me to Institutional Sales at Cruttenden Roth in 1996 where we worked together until we were hired by Van Kasper in 1997, he was my boss.

1999 Van Kasper was bought by First Security and then First Security was bought by Wells Fargo in 2000…Peter and I then went to other firms….In 2000 my family house in Tahoe was sold and I had an equity event and Peter was trying to put a downpayment on on a house and needed 150,000….I loaned him that amount (by check  in the summer of 2000) and made him sign an IOU to record the event. In July of 2003 he needed money to sell his house and pay attorneys as well as a mountain of bills that had been building up. In aggregate I put in an additional 75,000 so that he could fix up their house on Scott street with hope of selling it and after paying off the mortgage, there would be some equity left for me …which was a dream that never happened.

Peter then sold stock of his coupons  around the same time in 2003….I bought some shares and received certificates and my mother bought shares as well (same quantity and price, as evidenced by the Whittier Trust printout as a wire to Golden Gate Bank 7/8/03) but never received the certificates….when coupons went public the stock had more than doubled Maryon original investment of 50,000 dollars was worth over 100,000 as evidenced by the Whittier Trust accounting and communication between the parties….I am also taking care of my mother finances as she has dementia and I have a DPOA  to act as a conservator/ Co- Trustee of her estate.( To follow )

Best regards-

Ralph D Lewis
652 Park Lane
Montecito CA 93108

**From:**          "Ralph Lewis" <rlewis@presidioca.com>
**To:**             "Greg Custer" <GCuster@whittiertrust.com>
**Date:**          5/16/2007 2:49:14 PM
**Subject:**      RE: Coupons Inc looks like it is rolling up everything initspath...to become acquired

If we don't hear from the convict in a week...I will hire a lawyer and
go after him legally...

Ralph D. Lewis
Institutional Sales
Presidio Capital Advisors
101 California Street #1200
San Francisco, CA 94111
tel (415) 449- 1030
fax (415) 449- 1099
wat (866) 449- 1020

-----Original Message-----
From: Greg Custer [mailto:GCuster@whittiertrust.com]
Sent: Wednesday, May 16, 2007 10:59 AM
To: Ralph Lewis
Subject: RE: Coupons Inc looks like it is rolling up everything
initspath...to become acquired

i will place a call...



Greg Custer, CTFA
Vice President
Whittier Trust Company
626-441-5111
626-441-0420 fax

>>> "Ralph Lewis" <rlewis@presidioca.com> 5/16/2007 11:48 AM >>>
Here is his direct line 415 869- 3755 and if he doesn't answer that
his
cell phone is 415 999- 8181   his email address is:
peter@urchinpartners.com

He travels to NYC often...but he should return phone calls...

Ralph D. Lewis
Institutional Sales
Presidio Capital Advisors
101 California Street #1200
San Francisco, CA 94111
tel (415) 449- 1030
fax (415) 449- 1099
wat (866) 449- 1020

-----Original Message-----
From: Greg Custer [mailto:GCuster@whittiertrust.com]
Sent: Wednesday, May 16, 2007 9:35 AM



WHITTIER TRUST COMPANY
Investment & Wealth Management

**Certified Article Number**

716D 39D1 9848 8115 62D3

**SENDERS RECORD**

May 1, 2007

FILING # _____
☐ DOC          ☐ COR
☐ DIR           ☐ INV.
☐ FEE          ☐ INS.
☐ NOTE        ☐ TAX
☐ MISC: _____

**CERTIFIED MAIL**

Mr. Peter Fader
Managing Member
Urchin Capital Partners
655 Montgomery Street  #900
San Francisco, CA 94111

*email sent 5/17/07*

**RE: Lewis**

Dear Mr. Fader:

It has been brought to my attention that we are due an original certificate for
Mrs. Maryon Davies Lewis' interest in Coupon Inc.  This stems from an original
purchase of 100,000 shares in 2003.

Please immediately issue a certificate in the name of Mrs. Maryon Davies Lewis
Revocable Trust, c/o Whittier Trust Company.  The certificate can be sent to the
address on this letterhead.  We anticipate receiving this by May 16th.

Thank you for your help in this matter.  Please feel free to contact me at 626-441-5111
if you should have any questions.

Regards,

Greg E. Custer, C.T.F.A.
Vice President
Client Administration

GEC:cb

*415 - 869 - ~~6950~~   3750*

1600 Huntington Drive  ❖  South Pasadena, CA 91030-4799  ❖  Phone: (626) 441-5111  ❖  Fax: (626) 441-5054



**2. Article Number**

7160 3901 9848 8115 6203

**3. Service Type** CERTIFIED MAIL

**4. Restricted Delivery?** *(Extra Fee)* [ ] Yes

**1. Article Addressed to:**

Mr. Peter Fader
Managing Member
Urchin Capital Partners
655 Montgomery Street #900
San Francisco CA 94111

RECEIVED
MAY 1 1 2007
ADMINISTRATION

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)     B. Date of Delivery

C. Signature
X _____   [ ] Agent
                                [ ] Addressee

D. Is delivery address different from item 1?   [ ] Yes
   If YES, enter delivery address below:         [ ] No

Reference Information

Lewis

Greg Custer

PS Form 3811, July 2001          Domestic Return Receipt

---

**UNITED STATES POSTAL SERVICE**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

WHITTIER TRUST COMPANY
1600 HUNTINGTON DRIVE
SOUTH PASADENA CA  91030-4709



**WHITTIER TRUST COMPANY**
Investment & Wealth Management

July 19, 2007

Mr. Peter Fader
Managing Member
Urchin Capital Partners
655 Montgomery Street #900
San Francisco, CA 94111

FILING # _____
☐ DOC     ☐ COR
☐ DIR     ☐ INV.
☐ FEE     ☐ INS.
☐ NOTE    ☐ TAX
☐ MISC: _____

**RE: Lewis**

Dear Mr. Fader:

Thank you for your response to our May 1, 2007 letter and the follow up regarding the additional informaton requested for the purpose of issuing the certificates. As of this date we have not received the certificates as indicated.

To recap the circumstances, it has been brought to my attention that we are due an original certificate for Mrs. Maryon Davies Lewis' interest in Coupon Inc. This stems from an original purchase of 100,000 shares in 2003.

Please immediately issue a certificate in the name of Mrs. Maryon Davies Lewis Revocable Trust, c/o Whittier Trust Company. The certificate can be sent to the address on this letterhead. We anticipate receiving this by August 1, 2007.

Thank you for your help in this matter. Please feel free to contact me at 626-441-5111 if you should have any questions.

Regards,

Greg E. Custer, C.T.F.A.
Vice President
Client Administration

*Called 7/23*
*call hon 7/25*

GEC:cb

cc:    Ralph Lewis

**For the Account of:** MARYON D. LEWIS REV TR - WTC AGENT

**Account Number:** 50 00 6188 1F 8

**Date:** From JANUARY 1, 2003 through DECEMBER 31, 2003

# THE WHITTIER TRUST COMPANY

Statement of Transactions

| Date | | Income Cash | Principal Cash | Investment Cost Basis |
|---|---|---|---|---|
| 01/17/03 | WIRE DISTRIBUTION TO WELLS FARGO BANK C/A #460007617 8 N/O THE AMERICAN FUNDS FOR FURTHER CREDIT TO A/C #64225265 FUND #39 TAX EXEMPT MONEY FUND OF AMERICA N/O MARYON LEWIS FBO RALPH | | -50,000.00 | |
| 02/04/03 | WIRE DISTRIBUTION TO WELLS FARGO BANK C/A #0001-385004 N/O MARYON DAVIES LEWIS | -65,000.00 | | |
| 03/07/03 | WIRE DISTRIBUTION TO WELLS FARGO BANK C/A #0001-385004 N/O MARYON DAVIES LEWIS | -82,000.00 | | |
| 04/07/03 | WIRE DISTRIBUTION TO WELLS FARGO BANK C/A #0001-385004 N/O MARYON DAVIES LEWIS | -48,000.00 | | |
| 05/05/03 | WIRE DISTRIBUTION TO WELLS FARGO BANK C/A #0001-385004 N/O MARYON DAVIES LEWIS | | -50,000.00 | |
| 06/02/03 | WIRE DISTRIBUTION TO WELLS FARGO BANK C/A #0001-385004 N/O MARYON DAVIES LEWIS | -70,000.00 | | |
| 07/07/03 | WIRE DISTRIBUTION TO WELLS FARGO BANK C/A #0001-385004 N/O MARYON DAVIES LEWIS | -70,000.00 | | |
| 07/07/03 | WIRE DISTRIBUTION TO WELLS FARGO BANK C/A # 460007617 8 N/O THE AMERICAN FUNDS FOR FURTHER CREDIT TO A/C #64191096 FUND #39 TAX EXEMPT MONEY FUND OF AMERICA N/O MARYON LEWIS FBO TOM & LUCY | | -20,000.00 | |
| 07/08/03 | WIRE DISTRIBUTION TO GOLDEN GATE BANK C/A 002 360 967 N/O AMY EDELEN FADER PURCHASE OF 10,000 SHARES OF COUPONS INC. FOR MARYON DAVIES LEWIS | | -50,000.00 | |
| 07/29/03 | WIRE DISTRIBUTION TO WELLS FARGO BANK C/A #0001-385004 N/O MARYON DAVIES LEWIS | -30,000.00 | | |

Page 37



# RESTATEMENT OF THE

# MARYON DAVIES LEWIS TRUST

# DATED JULY 19, 1991

# JULY 11, 2006

# TABLE OF CONTENTS

Page

ARTICLE I   DECLARATIONS REGARDING ESTABLISHMENT OF TRUST, APPOINTMENT OF TRUSTEES, AND POWERS OF REVOCATION AND AMENDMENT ............................................................1

1.1   Declarations Regarding Establishment of Trust and Appointment of Trustees ............................................................1

1.2   Successor Trustees ............................................................1

1.3   Name of Trust ............................................................2

1.4   Powers of Revocation and Amendment............................................................2

ARTICLE II   DECLARATIONS REGARDING FAMILY AND DISINHERITANCE AND NO-CONTEST CLAUSES ............................................................2

2.1   Marital Status ............................................................2

2.2   Children............................................................2

2.3   Disinheritance Clause ............................................................2

2.4   No Contest Clause............................................................2

ARTICLE III   DISPOSITION OF TRUST ESTATE  DURING TRUSTOR'S LIFETIME..........3

ARTICLE IV   DISPOSITION OF TRUST ESTATE  FOLLOWING TRUSTOR'S DEATH ............................................................3

4.1   Payment of Debts............................................................3

4.2   Special Distributions............................................................3

   (a)   Interest in Tangible Personal Property............................................................3

   (b)   Distribution to Douglas Chan ............................................................3

   (c)   Distribution to Raymond Lahargou ............................................................3

   (d)   Distribution to Margot Barahona............................................................3

   (e)   Distribution to Eric Alexander............................................................4

   (f)   Distribution to Trust for Ian Dreyer............................................................4

4.3   Distribution of Residue............................................................4

4.4   Separate Trusts for My Children............................................................4

   (a)   During the Child's Lifetime............................................................4

   (b)   Following the Child's Death............................................................4

4.5   Separate Trusts for My Children's Issue, Other than Ian Dreyer ............................................................4

   (a)   During the Grandchild's Lifetime............................................................4

i

|       | (b)  | Following the Grandchild's Death | 5 |
| 4.6   |      | Special Needs Trust for Ian Dreyer | 5 |
|       | (a)  | Purpose of Trust | 5 |
|       | (b)  | Special Needs | 5 |
|       | (c)  | Alternate Dispositive Provisions if No Public Benefits | 6 |
|       | (d)  | Spendthrift | 6 |
|       | (e)  | Public Benefits | 6 |
|       | (f)  | Supplemental | 6 |
|       | (g)  | Expenses | 6 |
|       | (h)  | Following Ian's Death | 7 |
|       | (i)  | Separate Fund | 7 |
|       | (j)  | Appointment of Special Trustee | 7 |
|       | (k)  | Restrictions on Amendments | 7 |
|       | (l)  | Manner of Appointment of Special Trustee | 8 |
|       | (m)  | Manner of Making Amendments | 8 |
|       | (n)  | Exculpation | 8 |
| 4.7   |      | Trust for Virginia Gates Lewis | 8 |
|       | (a)  | During Virginia's Lifetime | 8 |
|       | (b)  | Following Virginia's Death | 8 |
| 4.8   |      | Assets Received from the Ralph K. Davies Trust | 8 |
|       | (a)  | Distribution to My Grandchildren | 8 |
|       | (b)  | Distribution of Residue | 9 |
| 4.9   |      | Louise M. Davies Residue Trust | 9 |
| 4.10  |      | Ultimate Disposition | 9 |
| 4.11  |      | Overriding Provisions | 9 |
|       | (a)  | Beneficiary Self-Dealing | 9 |
|       | (b)  | Insurance on Life of Trustee-Beneficiary | 9 |
|       | (c)  | Income and Principal Allocations | 9 |
|       | (d)  | Division of Trust Into Exempt and Non-exempt Generation-skipping Subtrusts | 10 |
|       | (e)  | Combination of Substantially Identical Trusts | 10 |
|       | (f)  | Equitable Adjustments | 10 |
|       | (g)  | Anti-retaliation Provision | 10 |

Case: 08-30119    Doc# 195-1    Filed: 10/12/23    Entered: 10/12/23 16:02:08    Page 17
of 44

ARTICLE V   GENERAL TRUST PROVISIONS......................................................................11

    5.1     Mandatory and Discretionary Distribution of Income and Principal.....................11

    5.2     Discretionary Distributions to More than One Beneficiary.....................................11

    5.3     Use of Trust Property by Beneficiaries...................................................................11

    5.4     Purchase of Property from and Loans to Probate Estates and Beneficiaries .........12

    5.5     Spendthrift Provision .............................................................................................12

    5.6     Perpetuities Savings Provision................................................................................12

    5.7     Multiple Trusts—No Physical Division Required...................................................12

    5.8     Transfers of Property to Trust................................................................................12

ARTICLE VI   TRUSTEE'S ADMINISTRATIVE POWERS .......................................................12

    6.1     Trustee Self-dealing...............................................................................................12

    6.2     Retention, Disposition, or Liquidation of Interest in a Closely Held Entity; Power to Guarantee Loans to the Entity ................................................................13

    6.3     Closely Held Entity Regarded as Separate from the Trust ....................................13

    6.4     Management of Closely Held Entity.......................................................................13

    6.5     Registered Investment Advisor...............................................................................13

    6.6     Specific Authority Regarding Certain Transactions ..............................................13

    6.7     Beneficiary with Power of Revocation or Withdrawal...........................................13

    6.8     Authority To File Tax Returns and Make Tax Decisions.......................................14

    6.9     Authority To Nominate Personal Representatives and/or Appoint Attorney(s)-in-fact ..................................................................................................14

ARTICLE VII   PROVISIONS RELATING TO THE TRUSTEE .................................................14

    7.1     Resignation, Declination, and Removal of Trustee and Appointment of Successor Trustee...................................................................................................14

    7.2     Disclaimed and Precluded Trustee Powers.............................................................15

    7.3     Actions by Multiple Trustees..................................................................................15

    7.4     Furnishing Copy of Trust Instrument and Accounting to Beneficiaries...............15

    7.5     Limits on Liability of Trustee................................................................................15

    7.6     Indemnification of Trustee for Environmental Problems ......................................15

    7.7     Bonding of Individual Trustee ...............................................................................16

ARTICLE VIII   DEFINITIONS AND MISCELLANEOUS PROVISIONS ................................16

    8.1     Definition of Beneficiary and Primary Beneficiary...............................................16

    8.2     Definition of Death Taxes......................................................................................16

iii

| 8.3 | Definition of Education | 16 |
|---|---|---|
| 8.4 | Definition of General Welfare | 16 |
| 8.5 | Definition of GST Tax Inclusion Ratio | 17 |
| 8.6 | Definition of Health | 17 |
| 8.7 | Definition of Incompetent | 17 |
| 8.8 | Definition of Issue and Spouses | 17 |
| 8.9 | Definition of Net Fair Market Value | 17 |
| 8.10 | Definition of Qualified Relatives and Qualified Charities | 17 |
| 8.11 | Definition of Support and Maintenance | 17 |
| 8.12 | Distributions to or for Benefit of Individual Beneficiary | 17 |
| 8.13 | Distribution to Issue | 18 |
| 8.14 | Governing Law | 18 |
| 8.15 | Ninety-Day Survival Requirement | 18 |
| 8.16 | Powers to Withdraw Principal | 18 |
| 8.17 | Representation of Incompetent Beneficiary | 18 |
| 8.18 | Powers of Appointment | 18 |
| ARTICLE IX | EXECUTION | 19 |
| 9.1 | Execution | 19 |

Case: 08-30119    Doc# 195-1    Filed: 10/12/23    Entered: 10/12/23 16:02:08    Page 19
of 44

# RESTATEMENT OF THE

# MARYON DAVIES LEWIS TRUST

# DATED JULY 19, 1991

## ARTICLE I

## DECLARATIONS REGARDING ESTABLISHMENT OF TRUST, APPOINTMENT OF TRUSTEES, AND POWERS OF REVOCATION AND AMENDMENT

**1.1** **Declarations Regarding Establishment of Trust and Appointment of Trustees.** I, MARYON DAVIES LEWIS, a resident of the City and County of San Francisco, State of California (sometimes referred to as the "Trustor"), declare that I established a trust for my primary benefit, as Trustor and Trustee, under that certain declaration of trust dated July 19, 1991. I last amended the trust instrument by restating it in its entirety on July 25, 2005, reserving to myself under Section 1.4 on page 2 of the restated trust instrument the powers to revoke and amend the trust during my lifetime, by written notice delivered to the Trustee. I hereby again amend my said trust instrument by again restating it in its entirety as provided in this instrument, and I transfer and deliver to myself, as trustee, all property now owned by me, and I declare that all property now or hereafter owned by me shall be deemed to be owned by me as trustee of this trust; provided, however, that no such property shall be deemed transferred to this trust if such transfer is prohibited by law or by any agreement to which we are subject or if such transfer would adversely affect any interest we have in such property. All property subject to this trust instrument (the "Trust Estate") shall be administered as provided below.

**1.2** **Successor Trustees.** If I fail to qualify or cease to act as the trustee of any trust established under this instrument, I appoint the following persons to act as successor trustee in the order named:

> LUCY LEWIS DREYER and RALPH DAVIES LEWIS as cotrustees;
>
> LUCY LEWIS DREYER or RALPH DAVIES LEWIS as sole trustee;
>
> WHITTIER TRUST COMPANY;
>
> The person(s) designated in an instrument in writing by the last person to act as trustee of any such trust;

Notwithstanding the foregoing, (a) I appoint VIRGINIA GATES LEWIS as the Trustee of the trust established under Section 4.7, below, of which she is the Primary Beneficiary, and if she fails to qualify or ceases to act as the trustee of such trust, the trustee shall be the corporate trustee designated in writing by her, and if no corporate trustee has been designated, I appoint WHITTIER TRUST COMPANY as trustee; (b) I appoint each of My Children as the trustee of the separate trust established for his or her benefit under Section 4.4, below, and if he or she fails

1

suspend the absolute ownership or power of alienation of such property, for a period ascertainable without regard to the date of the creation of the first power.

## ARTICLE IX

## EXECUTION

**9.1** **Execution.** I, MARYON DAVIES LEWIS, certify that I have read the foregoing trust instrument and that it correctly states the terms and conditions under which the Trust Estate is to be held, managed, and disposed of by the Trustee. I, as Trustor, approve the trust instrument in all particulars and request that the Trustee execute it. I, as Trustee, approve and accept the trust provided for in the trust instrument.

IN WITNESS WHEREOF, I have executed this Restatement of the Maryon Davies Lewis Trust, dated July 19, 1991, this ⎣ ⎡ day of July, 2006.

_Maryon Davies Lewis_ , Trustor and Trustee
Maryon Davies Lewis

MDL6398\212418_1.DOC

# MARYON DAVIES LEWIS

# DURABLE GENERAL POWER OF ATTORNEY

# FOR PROPERTY MATTERS

# (AND NOMINATION OF CONSERVATOR OF ESTATE)

# MAY 19, 2005

# TABLE OF CONTENTS

**Page**

1.1    Appointment of Attorney-in-Fact ....................................................................1

1.2    Date on Which Power Is Effective.................................................................1

1.3    Nomination of Conservator of Estate ...........................................................1

1.4    General Grant of Power ................................................................................1

1.5    Power to Make Gifts, Bargain Transfers, Etc ..............................................1

1.6    Additions to My Revocable Trust.................................................................2

1.7    Determination of Incompetence....................................................................2

1.8    Photocopies ..................................................................................................2

1.9    Specific Powers............................................................................................2

i

# Durable General Power of Attorney for Property Matters

## (and Nomination of Conservator of Estate)

**1.1    Appointment of Attorney-in-Fact.** I, MARYON DAVIES LEWIS, of the City and County of San Francisco, State of California, appoint my children, LUCY LEWIS DREYER and RALPH DAVIES LEWIS, as my attorneys-in-fact, and if one of them fails to qualify or ceases to act as my attorney-in-fact, I appoint the other as my sole attorney-in-fact. Each of my children and any successor attorney-in-fact may resign as such by delivering an instrument in writing to me and a copy of such instrument to the successor attorney-in-fact, if any, named above. An individual shall be deemed to have resigned or declined to serve as my attorney-in-fact if he or she dies or is Incompetent. If two or more persons are acting together as my attorneys-in-fact, all must unite in any act to bind me or my property, unless otherwise agreed by all of them in writing. No bond shall be required of any attorney-in-fact, whether acting jointly or alone. The term "my Attorney-in-Fact" refers to any person or persons acting as my attorney-in-fact. I revoke all my prior general powers of attorney for property matters (and nominations of conservator of estate).

**1.2    Date on Which Power Is Effective.** The authority of my Attorney-in-Fact to exercise any and all of the rights and powers herein granted shall commence and be in full force and effect only upon my becoming Incompetent and shall not be affected by my disability or incapacity.

**1.3    Nomination of Conservator of Estate.** If a court finds it necessary to appoint a conservator of my estate, I nominate the persons referred to in Section 1.1, above, in the order named, as such conservator; and I request that no bond be required of any such person, whether acting jointly or alone. I also request the court having jurisdiction of the conservatorship proceeding to grant the additional powers specified in Section 2591 of the California Probate Code if requested by my conservator.

**1.4    General Grant of Power.** I authorize my Attorney-in-Fact to do and perform each and every act and thing whatsoever requisite, necessary, or proper in his or her discretion to be done in the exercise of any of the rights and powers herein granted, as fully to all intents and purposes as I might or could do if personally present, with full power of substitution or revocation, hereby ratifying and confirming all that my Attorney-in-Fact shall lawfully do or cause to be done by virtue of this power of attorney and the rights and powers herein granted. This instrument is to be construed and interpreted as a durable general power of attorney, in accordance with the laws of the State of California. The enumeration of specific items, acts, rights, or powers herein does not limit or restrict, and is not to be construed or interpreted as limiting or restricting, the general powers herein granted to my Attorney-in-Fact.

**1.5    Power to Make Gifts, Bargain Transfers, Etc.** My Attorney-in-Fact shall make such payments, sales, loans, or other transfers, including the forgiveness of indebtedness, and on such terms and conditions, either outright or in trust (including the creation of powers of appointment), as my Attorney-in-Fact in his or her discretion deems appropriate, to or for the

1

benefit of one or more of the group consisting of my issue and those organizations that are then described in Sections 170(c), 2055(a), and 2522(a) of the Internal Revenue Code; provided, however, that (1) all such transfers constituting gifts to individuals that would not qualify for the gift tax annual exclusion or the educational or medical exclusion under Sections 2503(b) and 2503(e), respectively, of the Internal Revenue Code, and (2) all charitable contributions in excess of the amount allowable to me as an income tax deduction for the current year under Section 170 of the Internal Revenue Code, may be made only with court approval. My welfare is paramount, and the interests of others in my property are subordinate to my interests. In determining whether such transfers to an individual are appropriate, my Attorney-in-Fact shall take into consideration any other income or resources of the individual, known to my Attorney-in-Fact and reasonably available for the individual's general welfare as well as for his or her proper health, education, support, and maintenance.

**1.6** **Additions to My Revocable Trust.** My Attorney-in-Fact may transfer cash and other property to the Maryon Davies Lewis Trust, dated July 19, 1991, restated in its entirety by me earlier this day by an instrument bearing the same date as this instrument, but may not exercise any powers with respect to that trust except as provided in Article I of the trust instrument.

**1.7** **Determination of Incompetence** An individual shall be deemed to be "Incompetent" if (a) a conservator of the person or estate is acting on behalf of the individual, (b) the court has determined that the individual is incompetent or lacks capacity, or (c) the agent designated in the individual's power of attorney for health care (including the person appointed by the individual as his or her health care agent in an advance health care directive), or (d) one licensed physician who is the individual's attending physician or primary care physician, has declared in writing under penalty of perjury that in his or her opinion the individual is substantially unable to manage his or her financial resources or resist fraud or undue influence.

**1.8** **Photocopies.** My Attorney-in-Fact is authorized to make photocopies of this instrument and any attached documents as often and in such quantity as the agent deems appropriate. Each photocopy shall have the same force and effect as the original.

**1.9** **Specific Powers.** To carry out the purposes of this instrument and subject to any limitations stated elsewhere herein, my Attorney-in-Fact shall have the following powers with respect to my estate in addition to the powers now or hereafter conferred by law:

(a) To exercise, do, or perform any act, right, power, duty, or obligation whatsoever that I now have or may hereafter acquire the legal right, power, or capacity to exercise, do, or perform in connection with, arising out of, or relating to any person, item, thing, transaction, business, property (real or personal, tangible or intangible, wherever situated) or matter whatsoever;

(b) To ask, demand, sue for, recover, collect, receive, and hold and possess all such sums of money, debts, dues, bonds, notes, instruments, checks, drafts, accounts, deposits, legacies, bequests, devises, interests, dividends, stock certificates, certificates of deposit, annuities, pension and retirement benefits, insurance benefits and proceeds, documents of title, choses in action, personal and real property, intangible and tangible

2

property and property rights, and demands whatsoever, liquidated or unliquidated, as are now, or shall hereafter become, due, owing, or payable to me or owned by me or belong to me or in which I have or may hereafter acquire an interest, and to have, use, and take all lawful ways and means and legal and equitable remedies, procedures, and writs in my name for the collection and recovery thereof, and to compromise, settle, and agree to the same, and to make, execute, and deliver for me and in my name all endorsements, acquittances, releases, receipts, or other sufficient discharges for the same;

(c)     To lease, purchase, exchange, and acquire, and to bargain and contract for and agree to the lease, purchase, exchange, and acquisition of, and to take, receive, and possess any real or personal property whatsoever, intangible or tangible, or interest therein, on such terms and conditions, and under such covenants, as my Attorney-in-Fact deems proper;

(d)     To improve, repair, maintain, manage, insure, rent, lease, sell, release, convey, subject to liens, mortgage, and hypothecate and in any way or manner deal with, all or any part of any real or personal property, intangible or tangible, or any interest therein, which I now own or may hereafter acquire, and wherever situate, for me and in my name, and under such terms, conditions, and covenants as my Attorney-in-Fact deems proper;

(e)     To borrow money and to execute and deliver negotiable or non-negotiable notes therefor with or without security;

(f)     To loan money and receive negotiable or non-negotiable notes therefor with such security as my Attorney-in-Fact deems proper;

(g)     To engage in and transact any and all lawful business transactions of whatever nature or kind for me and in my name;

(h)     To sign, endorse, execute, acknowledge, deliver, receive, and possess such applications, contracts, agreements, options, covenants, deeds, conveyances, trust deeds, security agreements, bills of sale, leases, mortgages, assignments, insurance policies, bills of lading, warehouse receipts, documents of title, bills, bonds, debentures, checks, drafts, bills of exchange, notes, stock certificates, proxies, warrants, commercial paper, receipts, withdrawal receipts and deposit instruments relating to accounts or deposits in, or certificates of deposit of, banks, credit unions, savings and loan or other institutions or associations, proofs of loss, evidences of debts, releases, and satisfaction of mortgages, judgments, liens, security agreements, and other debts and obligations, and such other instruments or documents in writing of whatever kind and nature as may be necessary or proper in the sole discretion of my Attorney-in-Fact in the exercise of the rights and powers herein granted;

(i)     To have access to, and to open up and enter, any safe deposit box of which I may be the renter in any bank or financial institution for the purpose of depositing therein or withdrawing therefrom anything whatsoever;

3

(j)    To insure my life or the life of anyone in whom I have an insurable interest and to insure any asset in which I have an interest, to pay all insurance premiums, to select any options under such policies, to increase or decrease coverage under any such policy, to borrow against any such policy, to pursue all insurance claims on my behalf, to adjust insurance losses, to designate and change beneficiaries of insurance policies insuring my life and beneficiaries under any annuity contract in which I have an interest, to purchase or maintain any medical insurance on me or anyone else in whom I have an insurable interest, and to cancel any such policy described herein;

(k)    To establish and contribute to IRA accounts and other pension, retirement benefit, death benefit, stock bonus, profit-sharing, savings, thrift, deferred compensation, and similar employee benefit plans on my behalf, to select or change payment options and make any election under any IRA or any such employee benefit plan in which I am a participant, to designate and change beneficiaries of any IRA or any such employee benefit plan, to make "rollovers" of plan benefits into other retirement plans or IRA accounts, to apply for and make any elections required for payment of any and all employee benefits to which I may be entitled, to take possession of such benefits, and to distribute such benefits to me or for my benefit;

(l)    To prepare, sign, and file federal, state, or local income, gift, or other tax returns of all kinds, FICA returns, payroll tax returns, claims for refunds, requests for extensions of time, petitions to the United States Tax Court or other courts regarding tax matters, and any and all other tax-related documents, including, without limitation, receipts, offers, waivers, consents (including, but not limited to, consents and agreements under Sections 2032A and 2513 of the Internal Revenue Code), closing agreements, and any power of attorney form required by the Internal Revenue Service, the California Franchise Tax Board, or any other taxing authority with respect to any tax year or other period; to pay taxes due, collect refunds, post bonds, receive confidential information, and contest deficiencies determined by the Internal Revenue Service, the California Franchise Tax Board, or other taxing authorities; to exercise any elections I may have under federal, state, or local tax law; and generally to represent me in all tax matters and proceedings of all kinds and for all periods before all officers of the Internal Revenue Service, the California Franchise Tax Board, and other taxing authorities; and

(m)    To employ brokers, banks, custodians, investment counsel, attorneys, accountants, and other agents to assist my Attorney-in-Fact in carrying out the provisions of this instrument; to pay from my funds reasonable compensation for all services performed by such agents, to delegate to such agents such of the duties, rights, and powers of my Attorney-in-Fact for such periods as my Attorney-in-Fact thinks appropriate; and to remove any such agents and appoint other agents in their place.

IN WITNESS WHEREOF, I have executed this instrument this 19 day of May, 2005.

_____
Maryon Davies Lewis

4

STATE OF CALIFORNIA )
                            ) ss.
COUNTY OF SAN FRANCISCO )

On May _19_, 2005, before me, _Carmelia Vitalis Domingo_ a notary public, personally appeared MARYON DAVIES LEWIS, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

MDL6398\158289_

> CARMELIA VITALIS DOMINGO
> Commission # 1418096
> Notary Public - California
> San Francisco County
> My Comm. Expires May 16, 2007

_____
Notary Public

## ACCEPTANCE OF APPOINTMENT AS ATTORNEY-IN-FACT

We certify that we have read the foregoing Durable General Power of Attorney for Property Matters (and Nomination of Conservator of Estate) executed by MARYON DAVIES LEWIS, and we agree to act as her Attorneys-in-Fact, with the rights, powers, and authority set forth therein if she becomes incompetent.

Dated: May 27, 2005

_____, Attorney-in-Fact
Lucy Lewis Dreyer, also known as Lucy L. Lewis

_____, Attorney-in-Fact
Ralph Davies Lewis

6

STATE OF CALIFORNIA       )
                               ) ss.

COUNTY OF SAN FRANCISCO   )

      On October _5_, 2006, before me, Donald A. Osborn Jr. a notary public, personally appeared LUCY L. LEWIS, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

      WITNESS my hand and official seal.

DONALD A. OSBORN JR.
COMM. #1556761
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm. Expires Apr. 2, 2009

_____
Notary Public

STATE OF CALIFORNIA            )
                                       ) ss.
COUNTY OF San Francisco   )

On May 27, 2005, before me, _____Regan Lier_____ a notary public, personally appeared RALPH DAVIES LEWIS, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public

REGAN LIER
Comm. # 1415903
NOTARY PUBLIC - CALIFORNIA
Marin County
My Comm. Expires May 8, 2007

8

# DECLARATION OF ATTORNEY-AT-LAW

I, ELLEN I. KAHN, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

1.      I am an attorney-at-law licensed to practice in the State of California.

2.      I reviewed the foregoing Durable General Power of Attorney for Property Matters (and Nomination of Conservator of Estate) with the principal, MARYON DAVIES LEWIS, before she executed it.

3.      The principal communicated to me that she wanted to give the durable powers to the attorney-in-fact designated in this instrument.

4.      I supervised the execution of this instrument by the principal.

Executed this _____17ᵗʰ_____ day of May, 2005.


_____, Attorney-at-Law
Ellen I. Kahn

MDL6398\158289_1.DOC

9

1                    **EXHIBIT C**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_SF:109890.3 77304/001

| **From:** | Ralph Davies Lewis <rdl380@gmail.com> |
| **Sent:** | Monday, August 14, 2023 4:40 PM |
| **To:** | Miriam Manning |
| **Subject:** | Fader bankruptcy |
| **Attachments:** | proof of claim.pdf; ATT00001.htm |

Official Form 410

## Fill in this information to identify the case:

Debtor 1    Peter R. Fader

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Northern District of California

Case number    08-30119

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

**1. Who is the current creditor?**

MARYON D LEWIS

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    Ralph D Lewis

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Ralph D. Lewis
Name

652 Park LN
Number    Street

Santa Barbara    CA    93108
City    State    ZIP Code

Contact phone    8057059976
Contact email    RDL380C@gmail.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City    State    ZIP Code

Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) _____    Filed on _____ / _____ / _____
                                                                                    MM    /    DD    /    YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 50,000. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

MONEY LOANED

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12 / 9 / 2019
 MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

Name  Ralph    Davies    Lewis
 First name    Middle name    Last name

Title  _____

Company  _____
 Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  652 Park Lane
 Number   Street
 Montecito    CA    93108
 City    State    ZIP Code

Contact phone  8057059976    Email  RDL380@gmail.com

Official Form 410    Proof of Claim    page 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT D**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

| From: | Ralph Davies Lewis <rdl380@gmail.com> |
|---|---|
| Sent: | Tuesday, September 26, 2023 9:38 AM |
| To: | Miriam Manning |
| Subject: | Re: Fader bankruptcy |

9/26/23

My mother passed away…not inclined to follow through…

Ralph Lewis


Ralph Lewis
652 Park Lane
Montecito CA 93108
RDL380@gmail.com
(805)705-9976



On Sep 26, 2023, at 9:24 AM, Miriam Manning <mmanning@pszjlaw.com> wrote:

Mr. Lewis,

Please let me know today if you are still planning on correcting and filing the amended proof of claim to reflect a reduced claim of $50,000.

Miriam

---

**From:** Miriam Manning
**Sent:** Wednesday, September 6, 2023 11:58 AM
**To:** 'Ralph Davies Lewis' <rdl380@gmail.com>
**Cc:** Miriam Manning <mmanning@pszjlaw.com>
**Subject:** RE: Fader bankruptcy

Mr. Lewis,

Please let me know if you need any help filling out the proof of claim form and when we can expect it to be filed. Thank you,

Miriam

---

**From:** Miriam Manning
**Sent:** Monday, August 14, 2023 5:19 PM
**To:** 'Ralph Davies Lewis' <rdl380@gmail.com>

**Cc:** Miriam Manning <mmanning@pszjlaw.com>
**Subject:** RE: Fader bankruptcy

Mr. Lewis,

Thank you for forwarding the revised claim form but it is still incomplete.     These are the three areas that need to be corrected:

1.    In response to Question No. 4:   Although you have correctly marked the "yes" box, you also need to state "Claim No. 17" (the claim number of Ms. Lewis' original claim) and the date when that claim was originally filed - 12/9/2019 - so that the court knows which claim this amends.    The original Claim No. 17 is attached for your reference.

2.    In response to Question No. 8:   Please attach the document(s) that substantiates the basis of the $50,000 claim (and redact any account numbers or other personal identifying information).

3.    Part 3 (page 3) of the Claim requires you to insert the current date above your signature line, not the date when the original claim was filed.

When you have completed the form, please mail it to the Court at the following address:

U.S. Bankruptcy Court
450 Golden Gate Avenue, 18th Fl.
Mail Box 36099
San Francisco, CA 94102

Please note that the Trustee reserves all rights to assert any objection to the proposed, amended claim.

Best regards,

Miriam Manning

**From:** Ralph Davies Lewis [mailto:rdl380@gmail.com]
**Sent:** Monday, August 14, 2023 4:40 PM
**To:** Miriam Manning <mmanning@pszjlaw.com>
**Subject:** Fader bankruptcy

**EXHIBIT E**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1
2
3
4
5
6
7

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

      Peter R. Fader

      *dba* Urchin Capital Partners

      *dba* Urchin Partners LLC,

          Debtor.

Bankruptcy Case No. 08-30119

Chapter 7

Peter Fader states:

My responses to the following questions by the trustee's counsel are:

An account statement from The Whittier Trust Company, dated January 1, 2003 through December 31, 2003, shows that on July 8, 2003 the sum of $50,000 was transferred to Ms. "Amy Edelen Fader" for the "purchase of 10,000 shares of Coupons, Inc. for Maryon Davies Lewis" (referred to as the "Transfer").

1.    Why was the Transfer made to Ms. Amy Edelen Fader and not you, for the purchase of Coupons, Inc. stock?

      The transfer came from Amy as it was more convenient. She had stock readily available for sale and transfer to the buyer, Ms Lewis.

2.    Did Ms. Amy Edelen Fader transfer the $50,000 to you?

      Amy and I had joint checking accounts.

Bankruptcy Case No. 08-30119

3.    Was the $50,000 used to purchase 10,000 shares of Coupons, Inc. for Ms. Lewis?   If not, please explain the reasons why the shares were not purchased.

      The $50,000 was for the purchase of Coupons stock.

4.    Did you, or anyone else on your behalf, provide Ms. Lewis with a stock certificate for the 10,000 shares of Coupons, Inc.?   If she was not provided with a stock certificate, please explain the reasons why.

      The transfer was supposed to be done by Steven Boal. He continually put off transferring the stock to Amy to complete the transaction.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of October, 2023.

                         _____

                         Peter Fader

Bankruptcy Case No. 08-30119

3.  Was the $50,000 used to purchase 10,000 shares of Coupons, Inc. for Ms. Lewis?  If not, please explain the reasons why the shares were not purchased.

    The $50,000 was for the purchase of Coupons stock.

4.  Did you, or anyone else on your behalf, provide Ms. Lewis with a stock certificate for the 10,000 shares of Coupons, Inc.?  If she was not provided with a stock certificate, please explain the reasons why.

    The transfer was supposed to be done by Steven Boal. He continually put off transferring the stock to Amy to complete the transaction.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of October, 2023.

_____ 10·6·23

Peter Fader

Bankruptcy Case No. 08-30119

-2-

FADER DECL.